JOHN AYERS & *al. versus* EPHRAIM G. HEWETT.

A person obtaining goods by fraudulent pretences, is guilty of a tortious taking and no demand is necessary to enable the person defrauded to maintain replevin.

The rule of law that instruments in writing purporting to be witnessed by a subscribing witness, are not allowed to go in evidence, till the execution of them has been proved by such witness, does not extend so far as to require every instrument, which may incidentally and collaterally be introduced, to be so proved.

If the instrument introduced is a contract *inter alios*, under which neither party claims, proof of its execution by the subscribing witness, is not required.

Fraud does not render contracts void, except at the option of the party defrauded, and if the party defrauded in the sale of goods by false pretences would rescind the contract, and reclaim the goods — he should offer to the purchaser the notes taken on the sale or have them ready at the trial. — It is too late to make the offer after the verdict has been rendered.

THIS was an action of replevin. Plea — the general issue. The defendant filed a brief statement, justifying as a deputy sheriff the attachment of the goods replevied, as the property of Edward Boyles on a writ in favor of Smith & Price against him.

From the report of SHEPLEY J. before whom the cause was tried, it appeared that the plaintiffs, who were merchants residing in Boston, on the 24th June, 1839, sold the goods replevied, and other goods to said Boyles, and took his negotia-

ble notes in payment thereof. On the 24th of the following August, they were attached by the defendant on writs in favor of Smith & Price, as the property of Boyles.

The plaintiffs proved representations made by said Boyles at the time of the sale and before the goods were put up, in relation to his solvency and the situation of his property — and that they were false. It appeared in evidence that he was in embarrassed circumstances, and had little or no visible and attachable property — and the witness being about to state that Boyles had before that time sold his goods to him, to secure him for being a surety for him — it was objected that he could not testify to · the sale if it was made by a written bill of sale without its production — upon its production, it was objected that it could not be read in evidence unless the subscribing witness was first called, but this objection was overruled and the paper read.

The plaintiffs did not produce nor offer the notes given for the goods, or prove that they had ever been offered to Boyles. It was objected that this action could not be maintained, but for the purpose of having the facts settled, the objection was overruled.

It did not appear that any demand had been made of the defendant or of Boyles or of the attaching creditors for the goods before this suit was commenced.

It was contended in the defence, that there was no evidence that the plaintiffs were deceived by the representations used or that the goods were obtained by their means.

Upon the facts proved, the jury were instructed that it was incumbent upon the plaintiffs to prove that the said Boyles made the representations proved — that those representations were false and were made fraudulently with an intention to deceive the plaintiffs and obtain the goods, and that the goods were obtained from them in consequence of these false and fraudulent representations — and that they must have been made before the sale was so far completed as to be binding on the parties — that if there was no delivery of any part of the goods, nor any money paid, nor any notes given, nor any mem-

orandum in writing respecting the sale, when the representations were made — the sale would not be so completed as to be binding in law, and the plaintiffs might legally have refused to deliver the goods — and if they were satisfied that the plaintiffs were induced by the representations so made to complete the sale and deliver the goods, when they would not have done so without them, the plaintiffs were entitled to recover — otherwise they were not.

If these instructions or rulings were erroneous, the verdict which was for the plaintiff, is to be set aside and a new trial granted, or a nonsuit entered, or judgment on the verdict as justice and law may require.

*H. C. Lowell,* for the defendant. Where the testimony offered by the plaintiff is insufficient in law to establish his claim, it is the duty of the Court, either to direct the jury to render a verdict against him, or to order a nonsuit. 1 Stark. Ev. 447–471; *Inhabitants of Sanford* v. *Emery,* 2 Greenl. 5; *Perley* v. *Little,* 3 Greenl. 97. The Court should have so done in this case. The plaintiff's evidence was insufficient. The subscribing witness should have been called to prove the bill of sale which was read to the jury. 1 Stark. Ev. 289; *Willoughby* v. *Carlton,* 9 Johns. 136; 1 Selwyn's N. P. 545; *Whittemore* v. *Brooks,* 1 Greenl. 58; *Whitaker* v. *Salisbury,* 15 Pick. 534; 2 Evans' Pothier, 132; *Strong & al.* v. *Whitehead,* 12 Wend. 64.

The notes given for the goods purchased should have been produced at the trial. The sale was voidable — not void — and if the plaintiff wished to rescind, he should do it in a reasonable time. 1 Ev. Poth. 15; *Rowley* v. *Bigelow,* 12 Pick. 307. What is reasonable time, is a question of law for the Court. Here, one of the notes given for the goods had fallen due before the suit was commenced, and the other before the cause was tried. To retain these till after a verdict was rendered, and then offer to rescind the contract by producing them, was too late. *Thurston* v. *Blanchard,* 22 Pick. 18; Com. on Contracts, 38; Long on Sales, 242; *Prentiss* v. *Russ,* 16 Maine R. 50.

*J. Holmes*, for the plaintiffs. The defendant, representing attaching creditors, has no greater rights than Boyles. This differs from the case of an innocent purchaser. *Buffington* v. *Gerrish*, 15 Mass. R. 156; *Man. & Mech. Bank* v. *Gore & al.* 15 Mass. R. 75; *Boardman* v. *Gore & al.* 16 Mass. R. 331. The plaintiffs' rights are the same as if the goods had been stolen. *Dame* v. *Baldwin*, 8 Mass. R. 518; *Towne* v. *Collins*, 14 Mass. R. 497. The sale being void, the goods might be reclaimed. *Badger* v. *Phinney*, 15 Mass. R. 359.

The contract, the jury have found, was disaffirmed in a reasonable time; and that was a fact for their consideration. The tender of the notes was unnecessary. *Young* v. *Adams*, 6 Mass. R. 182; *Bickford* v. *Maxwell*, 6 D. & E. 52; *Man. & Mech. Bank* v. *Gore*, 15 Mass. R. 75. The goods may be reclaimed, in whose hands soever they may be found. *Thurston* v. *Blanchard*, 22 Pick. 18.

The plaintiffs have the notes in this case; they have not indorsed, and the defendant may take them.

The opinion of the Court was delivered by

WHITMAN C. J. — This being an action of replevin, and a verdict having been returned for the plaintiffs, it is now brought before us, upon a report of the facts proved, and opinions delivered by the Court, in the course of the trial. And it appears to have been agreed, that the defendant was a deputy sheriff, and, as such, had attached the goods replevied, by virtue of legal process, against one Edward Boyles, at the suit of Smith and Price, who were his *bona fide* creditors. And it seems further to have been agreed, if the opinions, delivered by the Court in the course of the trial, were not wholly correct, that a new trial should be granted, or a nonsuit be entered, as justice and law may require; otherwise, *that* judgment shall be entered on the verdict.

The counsel for the defendant, in his argument, has labored to make out, that the finding of the jury, upon matters of fact, under the instruction of the Court, was erroneous. His right to take this ground, must depend on those instructions. If

they were erroneous, and the finding was in conformity thereto, his right to make that apparent, would be unquestionable. We have, however, carefully reviewed these instructions, as exhibited in the report, and we are unable to discern, that they were not as favorable to the defendant, as, in a legal point of view, could have been claimed by him, with one exception.

The defendant insists, that the action of the plaintiffs should have been preceded by a demand of the goods replevied. But he admits, if the taking by Boyles was tortious, that no such demand was necessary ; and we cannot doubt, if a person obtains goods by fraudulent and deceitful practices, as the plaintiffs contend was the case on the part of Boyles, in regard to the goods replevied, and as the jury have found to be true, that he is guilty of a tortious taking. *Thurston* v. *Blanchard,* 22 Pick. 18, and cases there cited.

On the part of the plaintiffs, a witness was called to prove that Boyles, at the time he obtained the goods in question, of the plaintiffs, was destitute of property, and in embarrassed circumstances. In the course of his examination, it came out, that some time previous to that time, he had purchased goods of him, and that the purchase was evidenced by a regular bill of sale, which, on the suggestion of the defendant, he produced, and which appeared to have been witnessed by a person whose name was thereto subscribed as a witness, who, the defendant insisted, should be produced to prove the execution of it. The Court overruled the objection, and permitted the instrument to be read in evidence. In so doing, the defendant contends that the Court erred.

It is undoubtedly a general rule of law, that instruments in writing, introduced by a party, purporting to be witnessed by a subscribing witness, are not allowed to go in evidence, till the execution of them has been proved by such witness, if to be found within the jurisdiction of the Court. But it is believed that this rule does not extend so far as to require every such instrument, which may incidentally and collaterally be introduced, to be so proved. If it be the foundation of a party's claim, or if he be privy to it, or if it purport to be executed by

his adversary, there may be good reason for holding him to strict proof of its execution. But if it be wholly *inter alios*, under whom neither party can claim to deduce any right, title, or interest, to himself, it would be carrying the rule to a more rigorous and inconvenient extent, than the reason and spirit of it would seem to warrant. In this instance, the writing was produced by the witness, at the suggestion of the defendant, as corroborative of his testimony, or to enable the adverse party to determine whether it was in conformity to the evidence contained in the writing. The introduction of it was merely collateral and incidental, and cannot therefore be considered as within the reason of the rule requiring proof of its execution by the subscribing witness.

The courts in this State have gone much further in dispensing with the proof of the execution of deeds necessary to the support even of the title of a party producing them. A rule was made, many years since, that office copies of deeds of conveyance, certified by the register, should be admissible, without proof of their execution, provided the party offering them was not a party thereto, nor claimed as heir, nor justified as servant of the grantee, or their heirs. And it has been decided, that an original deed may be received as evidence, without proof of its execution, in cases where an office copy, by the above rule, might be admitted. *Knox & al.* v. *Dilloway*, 1 Fairf. 202.

The next position relied upon by the defendant, is, that the contract between the plaintiffs and Boyles, even if it were conceived in fraud, was not void, but voidable only; and that the plaintiffs, before the institution of this suit, had not done any act indicative of their intention to avoid it; and that the notes which were negotiable, which Boyles gave for the goods, ought to have been given up to Boyles, or to have been tendered to him before the commencement of the action; or produced at the trial, that it might be seen that they were not negotiated, or in a situation to remain obligatory against him. And upon this point, the Judge at the trial would seem not fully to have made up an opinion adverse to the defendant, for he says that

"for the purpose of having the facts determined, this objection was not sustained." It is undoubtedly true, that, at common law, fraud does not render a contract void, except at the option of the party defrauded. And if he would avoid it, he must do it within a reasonable time after the discovery of the fraud ; and must reinstate, or offer to do so, the party who has defrauded him, in the condition he was before the time at which the contract took place.

In the case at bar it does not appear, that the plaintiff did any act by way of rescinding the contract, till the institution of this suit — nor how long that was after the falsity of the representation made by Boyles, became known to them. Nor did they, at the time of the trial, or at any time previous, produce the notes given for the goods, and offer to give them up. This was an omission on their part, as it seems to us, which should have defeated their right to recover. It is true, that, at the argument of the motion to set aside the verdict, the notes given for the goods, were brought into Court, and there offered to be surrendered. But this could not have the effect to render it proper, that the jury should have returned their verdict as they did. The utmost extent to which any court has gone, in allowing a contract like the one in question to be considered as rescinded, by an offer to surrender the notes given for the goods, was the admission of such offer as being sufficient, when made at the time of the trial. To this extent the Court did go in *Thurston* v. *Blanchard,* 22 Pick. 18. And, upon the authority of that case, it may be, that, this verdict being set aside, on another trial, the plaintiffs may, by then tendering the notes, become entitled to a verdict in their favor ; but, not having done so at the former trial, we think, for this cause, that the verdict should have been for the defendant. A new trial is therefore granted.