## SANBORN *v.* OSGOOD.

A note and mortgage given to secure the payment of a part of the price of property, of which the sale has been effected by the vendor's fraudulent representations relative to its value, are not void.

The purchaser who would rescind such a sale, must first return or offer to return or reconvey what he has received.

WRIT OF ENTRY for certain land in Hanover. Plea, the general issue, with a brief statement that the defendant would offer evidence that the plaintiff and defendant on the 7th day of October 1837 made an exchange of farms; that the farm that the plaintiff conveyed to the defendant was worth $800, and that conveyed by the defendant to the plaintiff was worth $4,000; that the defendant was induced by the false and fraudulent representations of the plaintiff to give $2500 for the plaintiff's farm, and that $500 of that sum is secured to the plaintiff by a mortgage and note made to the plaintiff on the 7th day of October, 1837; that the defendant was induced to make the exchange without an examination of the plaintiff's farm by the act and management of the plaintiff, and that the note and mortgage are for these reasons void.

The plaintiff in support of his action, offered a mortgage of the demanded premises made by the defendant on the 7th day of October 1837, to secure a promissory note of $500, and produced the note.

The defendant offered evidence to sustain the allegations in his brief statement; but, it appearing and being admitted that the defendant had retained the title of the farm conveyed to him by the plaintiff, without any offer to reconvey or to rescind the contract, the court rejected the evidence. A verdict was thereupon taken for the plaintiff, and the defendant moved to set the same aside, and for a new trial.

Sanborn *v.* Osgood.

*Wilcox* and *Duncan*, for the plaintiff, cited *Harrington* v. *Stratton*, 22 Pick. 510 ; *Bartholomew* v. *Pierce*, 3 Hill 171 ; 23 Pick. 234.

*Perley*, for the defendant.

WOODS, J. The evidence offered in this case in support of the facts alleged in the brief statement was rejected, and the question now comes before us in the same manner as if those facts had been proved ; and it is this, whether in connection with the fact that was admitted, that the defendant still retained the title to the farm conveyed to him by the plaintiff, without any offer to reconvey or to rescind the contract, the facts offered to be proved would have constituted a good defence to the action.

The brief statement admits, that upon the exchange of farms the defendant acquired by the plaintiff's deed a title to property of the value of $800, and that he still retains it. The matter relied on is not then a total failure or want of consideration, but fraud in the sale.

When the purchaser is induced by the fraudulent representations of the seller to make the purchase, it is a familiar doctrine that he may within a reasonable time, by restoring the seller to the situation he was in before the sale, rescind the contract and recover back the consideration paid, or successfully resist the payment of a note for the price, if he has given one.

But it is an equally familiar rule of law, that in order to render the fraud available to the purchaser to avoid the note altogether, it is indispensably necessary that the property, if not wholly worthless, should be first restored to the seller. *Shepherd* v. *Temple*, 3 N. H. 455. A party can not rescind the contract while he retains any part of the consideration, and it is exactly upon this ground that he is excused from returning a consideration that is wholly worthless. When the party derives any benefit from the

purchase, and so long as he retains the thing purchased, he can not, by the well settled rule of law, rescind the purchase. Chitty on Contr. 276 ; *Hunt* v. *Silk*, 5 East. 449 ; *Perley* v. *Balch*, 23 Pick. 283.

The principle is, that when a purchaser has received what is valuable either to himself or to the fraudulent seller, and does not in fact return it, he affirms the contract, as he may well do, inasmuch as it is void or valid only at his election. *Rowley* v. *Bigelow*, 12 Pick. 307 ; *Somes* v. *Brewer*, 2 Pick. 184 ; *Ayers* v. *Hewett*, 19 Me. 281 ; *Ayer* v. *Hawkes*, 11 N. H. 148.

The present action is a writ of entry to recover possession of land mortgaged to secure the payment of a portion of the money agreed to be paid by the defendant to the plaintiff upon an exchange of farms. As we have already shown, the note thus secured is not void by reason of the supposed fraud, and consequently the mortgage given to secure it, and upon which the action is based, is not void ; nor was the note void for want of consideration.

At most, upon the facts stated in the defence, there could be only a partial failure or want of consideration. The farm conveyed by the plaintiff to the defendant was of some value ; and it was settled in this county in a recent case, that a partial failure of consideration, where the amount of the partial failure is unliquidated and unascertained, constitutes no defence to an action on a note, but that in such a case the purchaser must resort to a cross action for redress, and that decision was in accordance with another decided at an earlier period in the county of Hillsborough. In the last named case the note was given as the price of a tract of land the title to which failed in part.

In this action upon the mortgage the question is not how much is due, but whether it is void for reason of the fraud. The question how much is due, is one to be heard

and determined in the court sitting as a court of equity, and was not the question at the trial.

Inasmuch then as the facts offered in evidence showed no rescission of the contract, and only a partial want of consideration, and consequently did not show the note and mortgage void, the ruling of the judge rejecting the evidence was justified, and the verdict must stand.

The attention of the court was called at the argument to the question, whether a purchaser who has sustained damage by reason of fraud in the sale, may not give the fraud in evidence in reduction of the damages, when the action is brought to enforce the payment of the note given for the purchase money.

It is conceded that the tendency of the more modern decisions in some jurisdictions, has been to allow matters to be given in evidence in defence which constitute a substantial answer to the plaintiff's action, and which yet do not amount technically to a payment or set-off when the defendant might have a cross action. This is done to avoid circuity of action. *Shaw*, C. J., in *Howard* v. *Ames*, 3 Met. 309. In *Parish* v. *Stone*, 14 Pick. 198, in an action on a promissory note, it was held that want of consideration or failure of consideration might be given in evidence *pro tanto*.

In *Huntingdon* v. *Stratton*, 22 Pick. 510, which was an action on a promissory note for the price on the sale of a horse, it was held that fraud in the sale might be given in evidence in reduction of the damages without rescinding the contract. And in *Perley* v. *Balch*, which was an action upon a note given by a purchaser for the price of a chattel, it was said, if there was a partial failure of consideration, or deception in the quality or value of it, or a breach of warranty, the defendant may avail himself of it to reduce the damages to the worth of the chattel sold, and need not resort to an action of deceit, or upon the warranty.

But the doctrine of those cases does not go far enough

to warrant the defence set up in this case. The cases referred to, all recognize the existence of a valid contract, notwithstanding the fraud, where some value has been received and is retained, whether it were value to the seller or purchaser, and affect only the amount of damages recoverable in a suit to enforce the payment or performance of the contract.

In the present action at law, the amount of damages recoverable was not a matter for inquiry; the only question being, whether the note secured by the mortgage was valid, or by reason of the fraud void. But it has been shown that it was not void under the circumstances, notwithstanding the fraud.

Another objection suggests itself to the admissibility of the defence set up in this case. In all the cases cited, the action was brought to recover the whole price of the thing sold, and merely a deduction was asked from the stipulated price, to reduce the damages to the true value of the chattel, admitting that something was justly due. In the present case only a part of the purchase price was due, a portion having been paid. If the whole amount of the note should be found less than the whole amount of the damages sustained by the fraud, it is clear, that without a cross action for the remainder, exact redress could not be had by the defendant.

The cases referred to as decided in the Massachusetts courts, are exceptions to the general rule of law on this subject, and have their foundation in the fact, as the case is there regarded, that it is apparent that exact justice could be attained by permitting such defence without resort to a cross-action. Whether in a case like the present, where it is not apparent whether exact justice can be done or not, the defence would still be admissible or not, we need not decide, as it is clear upon the other grounds that the defence offered was not receivable according to well established rules of law.

Besides it was not a point made at the trial, that any such reduction could be made; the ruling of the court having been only to the effect that the note and mortgage were not void.

*Judgment on the verdict.*