| 51 | 411 |
| 82 | 515 |

| 51 | 411 |
| 89 | 478 |

## DANIEL M. ADAMS v. CHARLES WOOD.

*Replevin for property not wholly paid for—Demand.*

Replevin for goods, on the ground that they were wrongfully detained, will not lie where defendant came lawfully into possession of them, unless the wrongful detention is proved ; and, if there has been no wrongful conversion by defendant, it must also be shown that plaintiff demanded the goods before bringing suit.

Demand need not precede an action of replevin for goods, the taking of which by defendant constituted a trespass, unless the trespass has been satisfied or the plaintiff is estopped from asserting it; but where the wrongful taking arises out of contract relations, and defendant holds in good faith, demand is necessary.

Demand and refusal, before bringing replevin, will not make defendant's lawful possession unlawful.

Retention of title by the seller until full payment is made is not necessarily inconsistent with the buyer's right to the possession of the goods, and. if no time is fixed for completing payment, the buyer is entitled to reasonable time before the seller can demand the return of the goods and replevy them.

Judgment for the return of goods replevied from a buyer by the seller restores to the buyer the possession of the goods without impairing the seller's rights under their contract of sale.

Case made after judgment from Kent. (Montgomery, J.) June 7.—October 10.

REPLEVIN. Defendant had judgment. Affirmed.

*Taggart & Earle* for plaintiff. Demand is unnecessary before bringing replevin, if defendant claims title : Wells on Replevin § 374; *Smith v. McLean* 24 Ia. 322; *Seaver v. Dingley* 4 Greenl. 306; *Homan v. Laboo* 1 Neb. 204; *Perkins v. Barnes* 3 Nev. 557; Morris on Replevin 78.

*Gleason & Bundy* for defendant. Detention of goods lawfully obtained does not become unlawful until demand is made for them: *Darling v. Tegler* 30 Mich. 54; *Campbell v. Quackenbush* 33 Mich. 288.

SHERWOOD, J. This action is replevin for a horse alleged to have been wrongfully detained, and damages for detention.

At the circuit the judgment was for defendant for return of the property and ten dollars damages for detention, with costs ; and in favor of plaintiff for a special interest to the amount of ten dollars. The proceedings are before us for review upon case made after judgment.

At the request of the parties the circuit judge made written findings of the facts and of the law. The exceptions are to the findings upon the law. The court finds as facts that the plaintiff sold and delivered the horse to the defendant previous to bringing the suit; that the sale was conditional—the title to the horse to remain in the plaintiff until paid for ; that at the time suit was brought defendant had paid $30 of the purchase price, and $10 remained unpaid ; that no demand was made of defendant for the horse before suit ; and that the use of the horse from the time of the seizure was worth ten dollars. Upon these facts the circuit

judge found the suit prematurely brought and the parties entitled to the judgment rendered above stated.

It is insisted by the defendant's counsel that a demand for the property claimed, and a refusal by defendant to deliver it up, was necessary before the plaintiff could bring his suit, and this seems to be regarded by them as an important question in the case.

There are no fictions of law to be indulged in, in the action of replevin. It originates in wrong and can only be supported while it exists. The consequences of a judgment against the defendant were once of a very serious character, and in modern practice in many places are not unfrequently of more than ordinary importance to him, as they not only concern his property but place in jeopardy his liberty until the judgment is satisfied. 1 Britton, c. 28 ; Mirror, c. 2 § 26 ; *Exp. Chamberlain* 1 Sch. & Lef. 320, n; 3 Bl. Com. 146 ; *Leonard v. Stacy* 6 Mod. 140 ; Wells on Replevin p. 7 § 12 ; *Hovey v. Coy* 17 Me. 266.

The action originally was confined to a wrongful distress or taking, and no demand was ever necessary in such a case. Wells on Replevin p. 3 § 5 ; Gilbert on Distress 4 ; Bradley on D.stress 1 ; *Le Roy v. East Saginaw City Railway* 18 Mich. 234. It was afterwards extended to a wrongful detention of property as well, but in such case the wrongful detaining in some way, must always be made to appear before the plaintiff can maintain his suit. *Hickey v. Hinsdale* 12 Mich. 99 ; *Burt v. Burt* 41 Mich. 82.

When the taking is lawful, and there has been no wrongful conversion by the defendant, there is nothing to put him in the wrong until the person entitled has made a demand for the property and the defendant has refused to give it up. *Cadwell v. Pray* 41 Mich. 307.

Whether or not a person is wrongfully possessed of personal property, depends many times upon the character of the original taking through which he claims from the right ful owner, and not on the good faith or assurance upon which he receives the property, and the necessity for demand not unfrequently is made to depend entirely upon this

fact. For instance, when such original taking is felonious, no matter in whose hands the property may be subsequently found, the owner is entitled to his writ, without demand, because no person can acquire a rightful possession through a felonious taking. *Trudo v. Anderson* 10 Mich. 357 ; *Ballou v. O'Brien* 20 Mich. 304; *Seaver v. Dingley* 4 Me. 306 ; Wells on Replevin p. 199 § 347 ; *Barrett v. Warren* 3 Hill 348 ; *Ayers v. Hewett* 19 Me. 281. And the same is true when the original taking is a trespass, so long as the trespass remains unsatisfied and the owner is not in some way estopped from asserting the wrong. *Jackson v. Dean* 1 Doug. (Mich.) 519 ; *Baker v. Fales* 16 Mass. 147; Wells on Replevin p. 38 § 54; *Riley v. Boston Water-power Co.* 11 Cush. 11 ; *Galvin v. Bacon* 11 Me. 28. A different rule prevails when the taking, though wrongful, arises out of contract relations with the rightful owner, and is claimed to be in pursuance thereof. In all such cases, before any wrong can be imputed to the party in possession in good faith, and before he can be subjected to the expenses of a suit, he must be requested to give up the property and refuse so to do. *Campbell v. Quackenbush* 33 Mich. 288 ; *Barrett v. Warren* supra; *Morris v. Danielson* 3 Hill 168.

In the present case the declaration is for the unlawful detention. Plea, general issue, with notice of ownership by defendants.

It is found by the circuit judge that the plaintiff sold and delivered the horse to the defendant. The defendant, therefore, came lawfully in possession of the property.

It is also found that while the defendant was thus to have possession, the title was to remain in the plaintiff until paid for, and it is not found, nor does it anywhere in the case appear, that the defendant had ever sought to dispose of, change, or in any manner encumber the title to the property, or do any other act or thing in violation of his contract of purchase ; and the payment of ten dollars of the purchase money only remained to be made in order to discharge the title to the property from any claim of the plaintiff. There is no finding or proof showing the plaintiff entitled to the

possession of the property at the time this suit was brought; no demand was made for the property or the balance of the purchase money.

It does not appear by the terms of the sale that the ten dollars was due at the time suit was brought. These facts certainly do not show a wrongful detention of the property by defendant. It is claimed by counsel for plaintiff that the character of the plea and notice excused the necessity for demand. Suppose this to be true, we do not see how it would aid the plaintiff; a demand and refusal are circumstances only tending to show a wrongful detention. *Hill v. Covell* 1 N. Y. 522; *Lockwood v. Bull* 1 Cow. 322; *Buckland v. Barton* 2 H. Bl. 136; *Baldwin v. Cole* 6 Mod. 212; *McCombie v. Davies* 6 East 538; *Hoare v. Parker* 2 Term 376. But unless the plaintiff is entitled to have his demand complied with at the time it was made, it can lay no foundation for the action or change the character of the defendant's possession. *Kelsey v. Griswold* 6 Barb. 436.

Counsel for plaintiff insist that his title retained gave him the right of possession. Conceding this as an abstract proposition, while retaining such title he could part with the use and possession of the property, which it seems to be unquestioned he did in this case, and then brought his suit without any right to retake the possession he had thus transferred. Title in the plaintiff is not necessarily inconsistent with both possession and the right thereto in the defendant. The case shows no time within which the defendant was to make payment. In such case a reasonable time is intended, and it does not appear that that time had arrived when this suit was brought. *Child v. Child* 13 Wis. 20; *McLaughlin v. Piatti* 27 Cal. 452; *Summons v. Austin* 36 Mo. 307; *Hunt v. Strew* 33 Mich. 85; *Hunt v. Chambers* 21 N. J. L. 620. The effect of the defendant's plea and notice upon the necessity for demand, supposing the plaintiff otherwise entitled to maintain his suit, we do not deem it necessary to pass upon in this case. Under the facts found, demand became immaterial. The taking appears to have been without right. Wells on Replevin p. 199, § 348, and cases

cited. *Stewart v. Wells* 6 Barb. 79. The judgment for the return of the property did no more than transfer the possession to the party from whom it had been wrongfully taken. It did not impair the plaintiff's rights under his contract of sale, upon which there was a contest. It gave him the amount of his interest therein, and with this he should have been satisfied.

The judgment must be affirmed with costs.

The other Justices concurred.