[No. 11552.  In Bank.— February 25, 1888.]

E. CERF, ASSIGNEE, ETC., OF LOUIS MATTIE ET AL., RESPONDENT, v. L. A. PHILLIPS ET AL., APPELLANTS.

INSOLVENCY — FRAUDULENT CONVEYANCE — ACTION BY ASSIGNEE TO RECOVER PROPERTY — DEMAND. — Under section 55 of the insolvent act of 1880, and section 3439 of the Civil Code, a conveyance of his property by an insolvent to one of his creditors is void, and does not give a lawful possession to the transferee, when made by the insolvent, with a view to give a preference, within one month before the filing of a petition against him, the transferee having reasonable cause to believe that the transferrer was insolvent, and that the conveyance was made with a view to prevent the property from coming to the assignee in insolvency, or from being distributed ratably among the creditors, or in any way to delay the operation of or evade the provisions of the insolvent act; and the assignee in insolvency may maintain an action against the transferee to recover the possession of the property, without making a previous demand for its return.

APPEAL from the judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.

The action was brought by the assignee in insolvency of the firm of Mattie Brothers, for the claim and delivery of certain personal property assigned to them by the insolvents, on the 4th of December, 1884. The complaint alleged that on that day the firm of Mattie Brothers was insolvent, and that a petition in insolvency was filed against them on the 27th of December, 1884, under which they were subsequently adjudged insolvent, and the plaintiff was appointed their assignee; that the defendants were their creditors, and the assignment was made to them in contemplation of insolvency, and with a view to prevent the property from coming to the assignee, and being distributed ratably among their other creditors, and for the purpose of defeating, and to hinder, impede, and delay, the operation of the insolvent act of 1880; and that the defendants then had reasonable

cause to believe the firm was insolvent. The defendants demurred to the complaint, but their demurrer was overruled. The further facts are stated in the opinion.

*J. M. Wilcoxon,* and *Joseph R. Brandon,* for Appellants.

The defendants having come into the possession of the property lawfully, before an action can be maintained for its recovery, a demand and refusal must be alleged and shown. (*Dana* v. *Stanford,* 10 Cal. 269; *Walden* v. *Murdock,* 23 Cal. 540; 83 Am. Dec. 135; *Ross* v. *Sedgwick,* 69 Cal. 247; *Campbell* v. *Jones,* 38 Cal. 507; *Bacon* v. *Robson,* 53 Cal. 399; *Surles* v. *Sweeney,* 11 Or. 21; *Scofield* v. *Whitelegge,* 4 N. Y. 259; *McNally* v. *Connolly,* 8 West Coast Rep. 679; Boone on Code Pleading, sec. 132; Hilliard on Remedies for Torts, 2d ed., p. 90.) Before the assignment in question can be held void, under section 55 of the insolvent act of 1880, it must be alleged and proved: 1. The insolvency of the debtor; 2. An intention to prefer; 3. An intention of the debtor to apply for the benefit of the act; or 4. A belief that his creditors intended to file a petition against him; 5. That this intention or belief must also have been known to or possessed by the transferee; and 6. That the transferrer had reasonable cause to believe that the debtor was insolvent, and made the transfer with a view to prevent his property from coming to his assignee in insolvency. (*Maennel* v. *Murdock,* 13 Md. 164; *Cole* v. *Albers,* 1 Gill, 412; *Harwood* v. *Bartlett,* 6 Bing. N. C. 61; *Brooks* v. *Thomas,* 4 Md. Ch. 15; *Faringer* v. *Ramsay,* 4 Md. Ch. 33; *Stewart* v. *Union Bank,* 2 Md. Ch. 58; *Williams* v. *Coggeshall,* 8 Cush. 377; *Powles* v. *Dilley,* 9 Gill, 222; *Gorham* v. *Stearns,* 1 Met. 366; *Rust* v. *Cooper,* 2 Cowp. 629; *Brereton* v. *Hull,* 1 Denio, 75; *Curtis* v. *Leavitt,* 15 N. Y. 9; *Jones* v. *Howland,* 8 Met. 377; 41 Am. Dec. 525; *In re Drummond,* 1 Bank. Reg. 231; *In re Cowles,* 1 Bank. Reg. 280; *In re Goldschmidt,* 3 Bank. Reg. 165; *Eckford* v. *Greeley,* 6 Bank. Reg. 433; *Toof* v. *Martin,* 6

Bank. Reg. 49; 13 Wall. 40; *Foster* v. *Hackley*, 2 Bank. Reg. 406; *In re Josiah Hunt*, 2 Bank. Reg. 539; *Street* v. *Dawson*, 4 Bank. Reg. 207; *Forbes* v. *Howe*, 102 Mass. 427; *Dow* v. *Sargent*, 15 N. H. 115.)

*McD. R. Venable*, and *C. W. Goodchild*, for Respondent.

If the facts stated in the complaint are true, the assignment was void, and the defendants did not lawfully come into possession of the property, and no demand was necessary. (Insolvent Act of 1880, sec. 55; Civ. Code, secs. 1712, 1713, 3439; *Bull* v. *Houghton*, 65 Cal. Cal. 422; *Yates* v. *Carnsew*, 3 Car. & P. 99; *Surles* v. *Sweeney*, 11 Or. 21.)

FOOTE, C.—This is an action of claim and delivery. The appeal is from a judgment in favor of the plaintiff, and from an order refusing the defendants a new trial.

The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, because, as they say, no *demand* was alleged to have been made for the possession of the property before suit was brought.

If the facts set out in the pleading objected to were true, and for the present purpose they must be so treated, the defendants were never lawfully in possession of the property in dispute; the sale to them was absolutely void, being in contravention of section 55 of the insolvent act of 1880, and section 3439 of the Civil Code.

The defendants were inhibited by law from making the purchase, the insolvent could have no right to sell, and the plaintiff in this action, the assignee in insolvency, is as against them the lawful owner of the property, and derives his right to it from the act participated in by the defendants and the insolvent, whereby they violated the law.

The defendants did not obtain a lawful possession of the property. They purchased it from those who had

no right to sell it in view of the relative situation of the parties to the transaction, and the defendants in taking possession of it under the attempted and void sale converted it to their own use unlawfully. *No demand was necessary,* and the demurrer was properly overruled. (*Bull* v. *Houghton,* 65 Cal. 422; *Surles* v. *Sweeney,* 11 Or. 21.)

Besides, the defendants do not seem to have relied upon their demurrer, as if they were willing to yield up possession if a demand therefor had been made by the assignee in insolvency. In their answer they claim title in themselves adverse to the plaintiff, and give no countenance anywhere in the record to the belief that a demand, if made, would have been of any avail. Having contested the case upon the merits, on a claim of superior right to the property, it would seem as if a demand would have been useless, and that the case in hand comes within that class where no demand is necessary. (*Lamping* v. *Keenan,* 9 Col. 390.)

We cannot say that the verdict of the jury was contrary to the evidence; it was for them to determine the credibility of witnesses, the weight of testimony, and the force of all the ciscumstances adduced in evidence; they have done so, and we see no reason to disturb their verdict upon the special issues submitted to them.

The judgment and order should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.