PETER SIEVERTSEN v. PAXTON-ECKMAN CHEMICAL COMPANY, Appellant, and FIRST NATIONAL BANK OF MANNING, IOWA.

**Appeal:** TIME OF TAKING. An appeal may be taken within six months 1 from the date of the judgment, regardless of the date of its rendition.

**Sales:** RE-AFFIRMANCE OF CONTRACT: EVIDENCE. A letter written by the 2 maker of a note given for the purchase of goods, offering to discount it before maturity, is admissible to show a re-affirmance of the contract under which it was given; and whether the attorney who wrote the letter had authority to do so was, under the evidence, for the jury to say.

**Evidence:** ADMISSIONS: WITHDRAWN PLEADING. A withdrawn pleading, 3 when offered in evidence, is not conclusive against the party and can only be treated as an admission.

**Contracts:** INTOXICATION AS A DEFENSE: INSTRUCTION. The instruction 4 in this case that intoxication, though not to the extent of incom-

petency, might relieve the plaintiff of his contract liability was erroneous; because failing to refer to the claim that the agent of the adverse party had induced plaintiff to drink intoxicating liquor while executing the contract.

Replevin: DEMAND. Where a note was obtained by such fraud as will
5  render it void, the maker can maintain repleving therefor without a prior demand for its surrender.

Judgments: WHEN APPEALABLE. Neither the mental conclusion of the
6  trial judge, the oral announcement of that conclusion, the written memorandum entered in his calendar, nor even an abstract entered in the judgment docket constitutes àn appealable judgment; the decision only becomes a judgment when finally entered upon the court records by the clerk, and the right of appeal dates from the entry of the judgment as thus made.

Same: ENTRY OF JUDGMENT UPON VERDICT: DUTY OF CLERK: STATUTE.
7  The statute imperatively directs the clerk to enter judgment upon the return of the verdict, and no formal action of the court is necessary for him to do so; and no judgment exists until so entered.

Same: TIME TO APPEAL: STATUTES. The Act of the 33d General
8  Assembly providing that a notice of appeal shall not be held insufficient because served before the judgment had been recorded, operates simply to validate appeals prematurely taken, and does not modify the statute authorizing the taking of an appeal at any time within six months from the rendition of judgment, which is construed to be six months from the actual record of the judgment.

*Appeal from Carroll District Court.—*HON. Z. A. CHURCH, Judge.

FRIDAY, DECEMBER 15, 1911.

ACTION of replevin for the possession of a note executed by the plaintiff. Verdict and judgment for plaintiff. The chemical company appeals.—*Reversed.*

*Reynolds & Meyers* and *Murdock & Pancoast,* for appellant.

*B. I. Salinger, L. H. Salinger* and *Douglas Rogers,* for appellee.

SHERWIN, C. J.—The judgment appealed from herein was rendered on the 3d day of May, 1909, but was not entered of record until the 6th day of May, 1910.

The appeal was taken on June 20, 1910, and the appellee contends that this court has no jurisdiction in the matter, because the appeal was not taken within six months after the

1. APPEAL: time of taking.

judgment was rendered. The rule is settled adversely to his contention in *Stutsman v. Sharpless*, 125 Iowa, 335; *Puckett v. Gunther*, 137 Iowa, 647. See, also, *Martin v. Martin*, 125 Iowa, 73.

We come now to the merits of the case. On the 12th day of August, 1908, the plaintiff signed a promissory note of $971, payable to the Paxton-Eckman Chemical Company,

2. SALES: reaffirmance of contract: evidence.

of South Omaha, Neb., due on the 1st day of February, 1909, and delivered said note to an agent of said company in Carroll county, Iowa. The note was given for stock food, sheep dip, and spray pumps. This note was immediately delivered to the chemical company, and on the 19th day of August, 1908, it wrote a letter to the plaintiff, advising him that it had approved the note and shipped the goods. This letter appears to have reached the plaintiff on the 20th or 21st of August at Dedham, Iowa, and on one of these days the goods arrived at the same place. Upon receipt of this letter the plaintiff took it to Mr. Douglas Rogers, who had been his attorney for many years, and explained to Mr. Rogers what he had done, and asked his advice in the matter. On the same day, as the record fairly shows, plaintiff refused to take the goods from the railroad company. On August 21, 1908, Mr. Rogers caused the following letter to be written and sent to the chemical company from Manning, Iowa: ''Dear Sirs: Mr. Peter Sievertsen of Dedham, Iowa, was in our office today and requests us to write you to ascertain whether or not you would discount the note given by him for stock food on the 12th inst. through your Mr. Sinderson. He tells us that he will take the note up if you will discount it, say five per cent.

If you wish to dispose of it in this manner, kindly send the same at once to either of the banks in this town and we will write him of its being here and request him to come in and take it up. Yours truly, Jones & Stephany.'', In response to this letter, the note was sent to the First National Bank, of Manning, Iowa, where it was received on Sunday the 23d day of August. In the afternoon of Monday, August 24th, without having received any notice that the note was there, the plaintiff went to the bank, and asked to see the note. It was shown to him, and he was told the bank's instructions were to accept payment thereof less 5 per cent. discount. Plaintiff said that he did not want to pay the note. A deputy sheriff went into the bank two or three minutes after the plaintiff did, and, upon the bank's refusal to surrender the note without its payment, the writ of replevin herein was served, and the note taken possession of by the officer. On the 24th day of August the plaintiff signed and mailed to the chemical company a letter written in the office of Mr. Rogers, in which said company was notified that the contract between them was rescinded, and in which a demand was made for the return of the plaintiff's note. And on the same day a letter was written to the chemical company by Jones & Stephany, in which it was stated that Mr. Sievertsen had been in that morning, and had told them that he had consulted a lawyer, and had been advised that he did not have to pay the note, and would replevin the same. This letter was written at the instance of Mr. Rogers, the plaintiff's attorney. The letters of August 21st and 24th, written by Jones & Stephany to the chemical company, were excluded from the evidence, as was also the testimony of Rogers relating thereto. It was competent and material for the appellant to show that the plaintiff had reaffirmed the contract made by him with appellant on the 12th of August, and his written agreement in the letter of the 21st to pay the note less 5 per cent. discount was evidence of such reaffirmance with knowledge of all the facts connected with the transaction. Hence it was error to ex-

clude that letter, if there was evidence before the jury from which it might have found that Rogers had authority to write or dictate said letter.

We think there was sufficient evidence of Rogers' authority to submit the question to the jury, and the facts that we have already detailed furnish the basis of this conclusion. *Lord, Owen & Co. v. Wood,* 120 Iowa, 303; *Chamberlain v. Brown,* 141 Iowa, 540.

Appellee's contention, that because the appellant alleged in its answer to the original petition that this transaction was only a ruse to gain possession of the note is conclusive against

3. EVIDENCE: admissions: withdrawn pleading.
appellant, is not sound, for the reason that such answer was withdrawn by the filing of another and different answer to the substituted petition. *Thayer v. Coal Company,* 129 Iowa, 551. And the introduction in evidence of the former answer by the plaintiff would not be conclusive against the defendant. It could only be treated as an admission, which should go to the jury as any other evidence. *City Deposit Bank v. Green,* 138 Iowa, 156.

II.  One of the claims made by the plaintiff was that he was intoxicated when he executed the contracts and the note in question, and the court instructed on this issue as follows:

4. CONTRACTS: intoxication as a defense: instruction.
"Plaintiff does not claim that he was so drunk as that he did not know what he was doing, and he may be entitled to your verdict without proving that he was so drunk as not to know what he was doing." In substance, this instruction told the jury that intoxication to any extent might relieve the plaintiff of liability on his contracts and note. There was no explanation of the proposition so stated nor any reference to the claim that defendant's agents had induced the plaintiff to drink with them. The instruction was clearly erroneous. *Willcox v. Jackson,* 51 Iowa, 208; *Kuhlman v. Wieben,* 129 Iowa, 188.

III.  It is clear that no demand was made for the return

of the note before this action was commenced, and the defendant insists that the plaintiff should fail on that account. If the note was obtained from the plaintiff by fraud of such nature as to render it absolutely void in law, we are of the opinion that no demand was necessary under the general rule that where possession of property is wrongfully or unlawfully obtained, or where it is obtained by fraud, no demand before suit is necessary. 34 Cyc. 1406; *Jones v. Clark,* 37 Iowa, 586; *Robinson v. Keith,* 25 Iowa, 321; *Delancey v. Holcomb,* 26 Iowa, 94; *Cerf v. Phillips,* 75 Cal. 185 (16 Pac. 778). In *Reeder v. Moore,* 95 Mich. 594 (55 N. W. 436), goods were obtained through false representations as to the financial ability of the purchaser, and it was held that demand of him before suit was not necessary. Wells on Replevin, section 345. And see *Kennedy v. Roberts,* 105 Iowa, 521.

5. REPLEVIN: demand.

Other errors are argued, but they are of minor importance and are not likely to arise on a retrial of the case, so we need not further notice them. We cannot agree with the appellant's contention that it should have had a directed verdict. For the reasons indicated, the judgment is *Reversed.*

---

## SUPPLEMENTAL OPINION.

### THURSDAY, JULY 3, 1913.

GAYNOR, J.—This case was before this court at the December term, 1911, and was reversed. Within the time limit of the statute and the rules of this court, and on the petition of appellee, a rehearing was granted, and it is now again before us for determination. We have read and examined with care the whole record as now before us, and are satisfied that if this court, at that time, had jurisdiction to hear and determine the cause, it was then rightly reversed.

The appellee, at the former hearing and now, contends with much learning, ability, and zeal that no jurisdiction rested in this court then, and none rests now, to hear and determine this case, and that this appeal should be dismissed for want of jurisdiction in the court to either reverse or affirm. The plaintiff predicates this claim on the wording of the statute limiting the right to appeal to six months from the rendition of the judgment. This statute provides: ''Appeals from the district court may be taken to the Supreme Court at any time within six months from the rendition of the judgment or order appealed from, and not afterwards.''

This case was tried to a jury, and a verdict rendered by the jury in favor of the plaintiff. That thereafter, and as the record shows, within the time fixed by the court, defendant filed a motion for a new trial. In appellant's abstract of record appears the following:

That afterwards, to wit, on the 21st day of December, 1909, said motion for a new trial was overruled by the court, and on the 6th day of May, 1910, the said district court filed and entered of record the following judgment: 'Now, to wit, on this 3d day of May, 1909, and still during said term, the above-entitled cause comes on for judgment, and the court, being fully advised in the premises, finds that the allegations of the petition of plaintiff are true, whereupon the court orders and adjudges that plaintiff, Peter Sievertsen, is as against both defendants entitled to the possession of the note described in the pleadings of plaintiff, to wit, a note of $971, signed by said Sievertsen and made payable to the order of said Paxton-Eckman Chemical Company. It is further ordered and adjudged that the plaintiff, Peter Sievertsen, have and recover of said defendants, the possession of said note, and that he have judgment against the defendant Paxton-Eckman Chemical Company for the costs of this action, and taxed at $199.80, and that execution issue therefor, to all of which said defendants excepted. [Signed] Z. A. Church, Judge of said Court.' (It further appears below:) Spread upon the record May 6, 1910.. John Grelck, Clerk.

It further appears from the abstract of record that on the 14th day of June, 1910, during the same term of court, when judgment was spread upon the records, on the hearing to correct the records in this cause, the following order was entered:

Now, on the 14th day of June, A. D. 1910, it being the last day of the regular April term, 1910, this matter comes on for hearing, Reynolds and Meyers appearing for defendant Paxton-Eckman Chemical Company, and L. H. Salinger appearing as attorney for Peter Sievertsen, and it being agreed in open court that the date of the signing of the judgment herein should be as of the 21st day of December, A. D. 1909, instead of the 3d day of May, 1909, and the court, being fully advised and satisfied in the premises, finds the facts to be: That in the trial of said cause the judge's calendar recites, under date of April 21, 1909, 'Jury retired in charge of sworn bailiff under written instructions of the court, to which instructions both parties at the time duly excepted. Jury returned into court with verdict for plaintiff. Defendant granted until ten days from end of this term to file motion for new trial.' That said entries on judge's calendar are in accordance with the facts. The court further finds that the April term 1909 of court adjourned May 7, 1909, and that motion for a new trial was filed by the defendant, Paxton-Eckman Chemical Company on May 15, 1909, and that said motion for a new trial was overruled at the December term of court on the 21st day of December, 1909. That a judgment entry was signed on the 21st day of December, 1909, but that the same was not filed or spread upon the record of this court until the 6th day of May, A. D. 1910, during this term of court, and that attorneys for defendant had no knowledge that said judgment entry had been signed until the same had been spread upon the record. The court further finds that the clerk of this court has made an entry in the appearance docket, reciting that a judgment was rendered against said defendant, Paxton-Eckman Chemical Company, on May 3, 1909. That this entry was made subsequent to December 21, 1909. That said entry does not state the facts as to date of signing said judgment entry. It is therefore ordered that the motion to correct record and amendment thereto

filed by the Paxton-Eckman Chemical Company in the above-entitled cause is hereby sustained, and the clerk of this court is hereby directed to correct the records of this court to conform with the entries in the judge's calendar as herein set out, and as of the dates when entered in said calendar, and that said record be corrected to conform with the findings of fact made herein. That the judgment entry filed herein be corrected to show date of December 21, 1909, instead of May 3, 1909, as date of signing same by the judge hereof, and that the records show that said judgment entry was filed in the office of the clerk of this court on May 6, 1910, and that it was spread on the records of this court on May 6, 1910. And that the appearance docket be corrected to show date of judgment in accordance herewith. F. M. Powers, Judge of 16th Judicial District of Iowa.

On June 20, 1910, the defendant, Paxton-Eckman Chemical Company, perfected its appeal from the final judgment and rulings in said cause by serving notice upon the attorneys for the plaintiff, and on the First National Bank, of Manning, Iowa, codefendant, and upon John Grelck, clerk of the district court in and for Carroll county, and that said notice of appeal was filed in the office of the clerk of said court on June 20, 1910.

The plaintiff in the denial and amendment to appellant's abstract states: "The judgment appealed from was rendered May 3, 1909, entered on May 6, 1910, and appeal was perfected June 20, 1910." The plaintiff contends that the record shows, and the fact is, that the judgment from which this appeal is taken was actually rendered on the 3d day of May, 1909, and more than six months had elapsed from that date before notice of appeal was served, and that therefore, no appeal was ever taken from said judgment to this court, as required by law, and that this court, therefore, cannot consider any errors in hearing in said judgment, upon appeal, and that the appeal, if it may be so considered, from the ruling on the motion for a new trial, brings nothing before this court for review, for the reason that all matter complained

of in said motion inhere in the so-called judgment signed on May 3, 1909, and are therefore not subject to review; there being no appeal from the so-called judgment itself.

Conceding plaintiff's claim for the present that no errors can be reveiwed on appeal from the motion for a new trial which inhere in the original judgment, unless the judgment itself is appealed from, we proceed to determine whether or not the appeal from the judgment was taken in time to enable this court to review all the errors assigned in the motion for a new trial, and all the errors inhering in the judgment.

It will be noticed that the plaintiff's contention is that the right of appeal dates from the time the trial judge signed the form of judgment on the 3d of May, 1909, while plaintiffs contend that the right of appeal dates from

6. JUDGMENTS: when appealable.

the actual entry of the judgment upon the proper records of this court, to wit, May 6, 1910. To sustain plaintiff's contention necessitates the over- ruling of a long line of well-considered cases, in which it is held that the time for appeal dates from the actual entry by the clerk of a judgment in the proper court records. It has been held, and frequently, that neither the mental conclusion of the judge presiding at the trial, the oral announcement of such conclusion, nor his written memorandum entered in his calendar, nor even an abstract entered in the judgment docket, constitutes a judgment, and it appears from the au- thorities that all that precedes the final entry by the clerk constitutes only a basis for the judgment; that no judgment can be said to have been rendered, and there is no rendition of judgment, until it is entered upon the proper records of the court, which alone gives evidence of a judgment, which alone creates liens, and which alone can be enforced through the process of the court. While in one sense it may be said that a judgment is rendered when announced by the judge, or where the judge writes a memorandum in his calendar, it really amounts to nothing more than a decision or opinion of the judge as to what the judgment should be, and is no more

nor of any higher value than the verdict of a jury, until entered upon the proper record of the court.

Section 3777, Code, provides: "When a trial by jury has been had, judgment must be entered by the clerk in conformity with the verdict"—and this is an imperative direction to

7. SAME: entry of judgment upon verdict: duty of clerks: statute.

the clerk to enter a judgment upon the incoming of the verdict, and no formal action of the court is necessary to enable him to so do; nor does any direction of the court add to his duty or his power. He must enter a judgment upon the verdict as returned, and no judgment exists until so entered. There is a vast difference between the opinion and the conclusion of the court as to what the judgment should be and the judgment itself. The opinion and judgment of the presiding judge, giving in an oral announcement of such an opinion, or in memorandum entered on his calendar, or in a written form of entry, though signed by him, and though in the form of a judgment, does not constitute a judgment, and not until the record is made is there any competent evidence of judgment. There is no enforceable judgment, no liens created, or enforceable rights determined, until the completed entry. See *Case v. Plato*, 54 Iowa, 64; *Miller v. Wolf*, 63 Iowa, 237; *Towle v. Leacox*, 59 Iowa, 42; *Rogers v. Morton*, 51 Iowa, 709; *Kennedy v. Citizens' National Bank*, 119 Iowa, 123; *Stutsman v. Sharpless*, 125 Iowa, 335; *Callanan v. Votruba*, 104 Iowa, 672. From these decisions it is apparent that the rendition of the judgment is not complete, for the purpose of appeal, until the presiding judge pronounces the sentence of the law upon the facts in controversy, and this pronouncement has been spread upon the records of the court. To hold otherwise would be to hold that the mere pronouncement of the judge presiding, or a memorandum made by him as to the conclusions he had reached, or a writing signed by him, though never brought to the knowledge of the parties to the controversy, and though incapable of proof, and though incapable of enforcement, would be the rendition of a judgment

and fix the time from which the appeal should be taken, and this, though not entered upon the records of the court until long after the right to appeal had been terminated. If the record is the only proof of judgment, how can it be properly said that a judgment was rendered before any competent proof exists that such judgment was rendered. The judge is an officer of the court. The clerk is also an officer of the court. The judge formulates the judgment for the court, as an officer of the court, and the clerk, acting for and in behalf of the court, enters the opinion of the judge as formulated upon the record of the court, and it is not a completed judgment of the court, nor can it be said to have been rendered by the court, until everything has been done by these officers of the court which gives it vitality as a judgment, and capable of being proven and enforced. So we hold that the six-month limitation dates from the time there is a completed rendition of judgment, evidenced by a record thereof on the proper court records.

Plaintiff calls attention to chapter 205 of the Thirty-Third General Assembly which reads as follows: "Notice of appeal shall not be held insufficient because served before the clerk of the trial court has spread the judgment entry upon the court record if it shall appear that such entry has been made in proper form before the appellant's abstract was filed in the office of the clerk of the Supreme Court." The Legislature no doubt has the right to regulate the procedure necessary to be followed to secure the right of review in this court, and this statute was enacted to relieve from the hardships that sometimes followed the neglect of the clerk of the trial court to enter judgments upon the verdicts of the jury forthwith as required by the statute. Parties desiring to appeal have a right to assume that on the incoming of a verdict the clerk will enter a judgment upon the verdict forthwith, and notice of appeal has been often served upon this assumption, and this court has dismissed the appeals as being prematurely

8. SAME: time to appeal: statutes.

brought, holding that no appeal could be entertained until there was a record made of a judgment, from which the appeal could be taken, and expenses and hardships were imposed upon litigants by the negligence of the clerk in so omitting to enter a judgment, as required by the statute. To meet this hardship, and to relieve from the embarrassment and useless expense entailed by the enforcement of this rule, the Legislature undoubtedly thought. that if there was a verdict returned, upon which a judgment could and should be entered, or the promulgation of an opinion or conclusion by the court, or finding of facts upon which a judgment could and should be entered, the appeal ought not to be dismissed, and the notice ought not to be held insufficient, if it was made to appear that a judgment was actually entered upon the proper records, and in proper form, before appellant's abstract was filed in this court, and we hold that this statute, when properly construed, and when viewed in the light of the evident purpose for which it was passed, and the conditions out of which the necessity for it grew, is not helpful in plaintiff's contention here; for, if the law was and is as contended for by plaintiff, and the Legislature in the enactment of section 4110 of the Code of 1897 intended that the six months should date from the entry of the memorandum for a judgment on the court's calendar, or from the oral announcement of the judgment from the bench, or that the appeal could be taken at any time before the actual entry upon the court's record, there would be no necessity for the Legislature's saying that the notice shall not be held insufficient, or the appeal dismissed, ''if the notice is served before the clerk has made the proper entry in the court's record.''

Section 4110 of the Code, as originally written, and as interpreted by this court, and as now amended by chapter 205 of the Thirty-Third General Assembly, reads as follows: ''Appeals from the . . . district court may be taken to the Supreme Court at any time within six months from the rendition of the judgment . . . appealed from, and not

afterward." The judgment, for the purposes of appeal, shall not be deemed rendered until spread upon the proper records of the court, but notice of appeal shall not be held insufficient because served before the clerk of the trial court has spread the judgment entry upon the record, if it shall appear that such entry has been made in proper form before the appellant's abstract was filed in the office of the clerk of the Supreme Court. If the Legislature had intended by chapter 205 that the original section 4110 should receive a different interpretation from that given it by this court, it could and would have said that the six months for appeal should date from the time the judgment is announced by the court, or the presiding judge for the court.

. We therefore hold that the appeal in this case was not only taken from the ruling on the motion for a new trial, but also within six months from the rendition of the judgment appealed from, and this renders it unnecessary to consider the other question, urged by plaintiff, though it may be said that the court still adheres to the opinion expressed in *Lumber Co. v. McCaffrey*, reported in 141 Iowa, 730.

The case is therefore reversed, and, with this opinion as supplemental thereto, we adopt the opinion as heretofore filed in this cause as the opinion and judgment of this court upon this appeal as fully as if the same were set out herein, together with the rulings, findings, and opinions therein expressed, and conclusion reached.—*Reversed.*

DEEMER, J., dissenting.