[Civ. No. 5601. First Appellate District, Division One.—March 19, 1926.]

## E. FIRPO, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

[1] JUSTICE'S COURT — RECOVERY OF AUTOMOBILE — PLACE OF COMMENCEMENT OF ACTION—RESIDENCE—NOTICE OF MOTION TO QUASH SERVICE OF SUMMONS—CONSTRUCTION.—In a justice's court action to recover possession of an automobile or its value, with damages and attorney's fees, where the defendant, who was served with summons outside of the' county in which the action was commenced, filed a notice that he would move the court to quash the service of summons and dismiss upon the ground that the action was not brought in the township or county of his residence or in which the property, the subject of the action, was found or taken; that his residence at all times mentioned in the complaint had been and the property situated in the county in which he was served; that the property was there found and taken, and that the action was not upon an obligation incurred or contracted to be performed in the township where brought, said notice containing the statement that the defendant appeared specially for the purpose of making the motion without consenting to the jurisdiction of the court over his person or the subject of the action, the grounds of the motion were that the action was not one within any of the exceptions to the general rule that an action in the justice's court must be brought in the township in which the defendant resides.

[2] ID.—CONDITIONAL SALE OF AUTOMOBILE—CONTRACTS—TITLE—POSSESSION.—In such action, where the contract between defendant and plaintiff's assignor for the sale of a car provided that the title to the car should be retained by the latter, the effect of a stipulation in the contract for the retaking of possession by the seller upon default in payment, and that defendant should pay the expenses thus incurred, including an attorney's fee, was not to create the right to repossess upon default, as such right existed under the law independently of such stipulation.

[3] ID.—POSSESSION—DEFAULT—DEMAND.—In such action, where defendant's right to a continuance of possession of the car was conditioned and dependent upon the payment of the installment of the purchase price, in default of which the seller might at his option terminate the right, until the intention to exercise

such option was manifested by a demand of possession an action for its recovery could not be maintained.

[4] Id.—Wrongful Detention of Property—Subdivision 7, Section 832, Code of Civil Procedure — Expenditures in Pursuit of Property—Contracts.—In such action, the gravamen of the action being the wrongful detention of the property and not the violation of the terms of the contract, the action, as far as it involved the right to the possession of the property, its value, or damages for its detention, was not one upon an obligation within the meaning of subdivision 7 of section 832 of the Code of Civil Procedure; and the action not being for the recovery of expense incurred prior to the wrongful detention alleged, expenditures made or obligations incurred thereafter in the pursuit of the property would constitute elements of damage incidental to such detention, and the stipulation of the contract for payment thereof by defendant would not change the character of the action.

[5] Id.—Actions—Residence—Jurisdiction.—The rule is general that actions in justices' courts must be commenced in the township or city in which the defendant resides; and where it is not shown that the defendant is within any of the exceptions specified in the statute, his residence in the judicial township in which he is sued is a jurisdictional requirement.

---

(1) 35 C. J., p. 583, n. 27, p. 584, n. 41.　(2) 35 C. J., p. 557, n. 58, p. 559, n. 68 New; 34 Cyc., p. 1354, n. 12.　(3) 34 Cyc., p. 1404, n. 73, p. 1405, n. 78; 35 Cyc., p. 701, n. 36.　(4) 34 Cyc., p. 1566, n. 59.　(5) 35 C. J., p. 557, n. 58, p. 559, n. 67.

PROCEEDING in Certiorari to review a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Writ discharged.

The facts are stated in the opinion of the court.

Raymond Perry for Petitioner.

Sans & Hudson and Thos. W. Firby for Respondent.

CASHIN, J.—*Certiorari* to review a judgment of the Superior Court in and for the City and County of San Francisco.

An action was commenced by petitioner in the justice's court of the city and county of San Francisco to recover possession on an automobile or its value, with damages and

---

5.　See 15 Cal. Jur. 473.

attorney's fees. The complaint alleged that the defendant in the action came into its possession in Monterey County, that his right thereto had since terminated, a demand therefor, and prayed as part of the relief sought that it might be taken from his possession by any constable of that county. It was shown by the affidavit of defendant filed in connection with the motion hereinafter considered—and which affidavit was not denied—and by a contract in writing hereinafter referred to and considered by the court on such motion, that defendant at all the times mentioned in the complaint had been a resident of Monterey County, that his possession followed the execution therein by petitioner's predecessor in interest of a contract for the sale of the car to defendant, and that the car remained thereafter in the township and county of defendant's residence, and was there found and taken.

The contract provided for the payment by defendant of installments of the purchase price with interest thereon to the seller in San Francisco, and that the title should remain in the latter until such payment should be made in full; that the seller might at his option retake possession upon default in payment, and in that event defendant would pay all expenses thus incurred, including attorney's fees in a sum of not less than one hundred dollars. Summons was served upon the defendant in Monterey County, whereupon he served and filed a notice that he would move the court to quash the service of summons and dismiss upon the ground that the action was not brought in the township or county of his residence or in which the property, the subject of the action, was found or taken; that his residence at all the times mentioned in the complaint had been and the property situated in that county; that the latter was there found and taken, and that the action was not upon an obligation incurred or contracted to be performed in the township where brought. The notice further stated that defendant appeared specially for the purpose of making the motion without consenting to the jurisdiction of the court over his person or the subject of the action.

The motion having been presented the court found the facts as follows: That defendant was a *bona fide* resident of Alisal judicial township in Monterey County; that the property mentioned was there situated and was there found and

taken, and thereupon entered a judgment of dismissal without prejudice.

This judgment having been affirmed upon appeal to respondent Superior Court, petitioner filed the present proceeding to review the judgment of the latter court.

Petitioner contends that the defendant mentioned, in moving for a dismissal of the action, thereby submitted to the jurisdiction of the justice's court, and thereby waived his right, if any, to quash the service of summons; that jurisdiction having been acquired of his person, and the action being upon an obligation in writing to be performed in the city and county of San Francisco within the provisions of subdivision 7 of section 832 of the Code of Civil Procedure, the court in entering a judgment of dismissal exceeded its jurisdiction.

[1] We do not construe the language of the notice as stating as the grounds of the motion that the court was without jurisdiction over the property which was the subject of the action, but that the action was not brought within the proper township or city. While it is the rule that a motion for dismissal on the ground that the court is without jurisdiction of the subject matter of the action is in legal effect a demurrer to the complaint on that ground (*Roberts* v. *Superior Court,* 30 Cal. App. 714 [159 Pac. 465], and cases therein cited), and in the instant case the notice contained the statement that defendant did not waive objection or consent to jurisdiction in this respect, the grounds of the motion, clearly stated therein, were that the action was not one within any of the exceptions to the general rule that an action in the justice's court must be brought in the township in which the defendant resides. The intention being thus clearly shown, the scope and extent of the motion was not enlarged by the statement mentioned.

It is urged by petitioner that the action was based upon an obligation created by the contract which, as to the payments provided, was to be performed in the city of San Francisco, and that an action for the recovery of the property therein described was one within the provisions of subdivision 7 of the section mentioned. [2] As stated, this contract provided for the retaking of possession by the seller upon default in payment, and that defendant should pay the expenses thus incurred, including an attorney's fee.

The title having been retained by the seller the effect of the stipulation mentioned above was not to create the right to repossess upon default, as such right existed under well-settled principles of law independent of such provision (*Richardson Drug Co.* v. *Teasdall,* 52 Neb. 698 [72 N. W. 1028]; *Wiggins* v. *Snow,* 89 Mich. 476 [50 N. W. 991]; *Bradshaw* v. *Warner,* 54 Ind. 58; *Blanchard* v. *Cooke,* 144 Mass. 207 [11 N. E. 83]). The gist of the action was the wrongful detention of property which came rightfully into the possession of defendant. [3] The right to a continuance of such possession was conditioned and dependent upon the payment of the installments of the purchase price, in default of which the seller might at his option terminate the right, but until the intention to exercise such option was manifested by a demand for possession an action for its recovery could not be maintained (*Adams* v. *Wood,* 51 Mich. 411 [16 N. W. 788]). Defendant not having by his contract agreed to return the property upon default in payment, no contractual obligation was violated by its retention, the wrong for which relief was sought being its detention after demand. [4] The gravamen of the action being the wrongful detention and not the violation of the terms of the contract, the action, as far as it involved the right to the possession of the property, its value, or damages for its detention, was not one upon an obligation within the meaning of subdivision 7 of section 832 of the Code of Civil Procedure. The action not being for the recovery of expense incurred prior to the wrongful detention alleged, expenditures made or obligations incurred thereafter in the pursuit of the property would constitute elements of damage incidental to such detention, and the stipulation in the contract for payment thereof by defendant would not change the character of the action.

[5] The rule is general that actions in justice's courts must be commenced in the township or city in which the defendant resides; and where it is not shown that the defendant is within any of the exceptions specified in the statute his residence in the judicial township in which he is sued is a judicial requirement (15 Cal. Jur., Justices of the Peace, sec. 18; *Bogmuda* v. *Young,* 58 Cal. App. 19, 21 [207 Pac. 915]; Code Civ. Proc., sec. 832). Prior to the amendment to subdivision 4 of section 890 of the Code of

Civil Procedure, adopted in 1905, a defendant sued in a township other than that of his residence could raise the objection by answer; and, if unsuccessful, urge the objection on appeal (*Bogmuda* v. *Young, supra*). The section as amended reads: "Judgment that the action may be dismissed without prejudice to a· new action may be entered with costs in the following cases. . . . subd. 4. When the action is brought in the wrong county, township or city." And it has been held that objections to the jurisdiction of the justice's court must be made by special appearance for that purpose; otherwise it is waived (*Vance* v. *Superior Court,* 48 Cal. App. 327 [191 Pac. 945]).

In the present case it appearing that the action was not one within any of the exceptions to the rule requiring the suit to be brought in the township in which defendant resided, and that the objection to the jurisdiction was not waived, it is our conclusion that the motion to dismiss was properly granted, and that in making and entering its order and judgment therefor the court did not exceed its jurisdiction.

The writ is discharged.

Knight, J., and Tyler, P. J., concurred.