[L. A. No. 20800. In Bank. Apr. 20, 1949.]

E. R. GUERIN et al., Respondents, v. JOHN H. BLAIR, Appellant.

Arthur C. Webb and Charles Reagh for Appellant.

Latham & Watkins and John G. Evans for Respondents.

SHENK, J.—The plaintiffs sued to recover possession of a D-8 Caterpillar Tractor Serial No. 1H 3383 with power control unit valued at $6,000, together with its reasonable rental value for the period of alleged wrongful detention by the defendant. The latter appealed from the judgment for the plaintiffs.

The record shows the following undisputed facts:

The plaintiffs were engaged in the construction business in Los Angeles County, and in the purchase, sale, rental and repair of heavy construction equipment. On June 15, 1945, they purchased the above mentioned tractor and control unit. On January 8, 1946, they entered into a written equipment rental agreement with one Vergil Grove of Riverside covering four items, including the tractor and control unit. The value of the listed equipment was stated as $46,000. The agreed total monthly rental was $3,750, $850 of which applied to the tractor and control unit. The "approximate rental period" was stated as 60 to 90 days, with a provision for recall or return of the equipment upon 30 days' notice by either party. The agreement provided that no equipment should be sublet, nor should the lessee assign or transfer any interest in the agreement, without the written consent of the lessors. It was further provided that should the lessee defer any rental payment more than 30 days, or become bankrupt, or fail to maintain and operate or to return the equipment as provided, or substantially violate any provision of the agreement, the lessors upon three days' notice might terminate the agreement, take possession of the equipment without becoming liable for trespass, and recover all rental due, full damages for any injury to, and all expenses incurred in returning the equipment.

On January 15, 1946, Grove, without obtaining the consent of the plaintiffs, sublet the tractor and control unit to the defendant for a period of two months at a monthly rental of

$800, or a total of $1,600 which the defendant paid. Grove made rental payments to the plaintiffs totaling $5,266.71, which covered amounts due on all the equipment to March 1, 1946. About March 15th, the defendant notified Grove that the tractor was in disrepair and to retake and haul it away. That and other facts bearing on the lease relationship as between the defendant and Grove are deemed immaterial on this appeal.

In September, 1946, the plaintiffs located the tractor and power control unit on the defendant's place. On September 6, 1946, a telegram demanding its return to the plaintiffs was sent to the defendant. On September 7, 1946, the present action was commenced to recover possession of the equipment from the defendant, together with damages for the alleged wrongful detention from March 1, 1946. The sheriff took possession of the equipment on September 12, 1946, and the plaintiffs thereafter received it and have since sold it.

The trial court made findings to the effect that on March 1, 1946, the defendant took possession of the tractor and control unit without right and without the knowledge, consent or authorization of the plaintiffs and retained such possession until September 12, 1946; that from and after March 1, 1946, the plaintiffs were entitled to the immediate possession thereof; that the reasonable value of the use of the equipment while in the defendant's possession was $800 per month, or a total of $5,120 for the period of the unauthorized detention. Judgment was entered for that sum.

The defendant contends that the facts do not support the findings and judgment. He urges that the plaintiffs' only right was to terminate the lease by the required three days' notice to the lessee upon the latter's violation of the provision not to sublet without the plaintiff's consent, and that until such notice was given there was no right to retake possession of the equipment for the lessee's violation of that provision.

■ The provision not to assign or sublet without the required consent was a covenant for the benefit of the plaintiffs who upon the breach thereof had the right to declare the lease terminated by giving the required three days' notice and thereupon to retake possession of the equipment. ■ The subletting without consent was not altogether void. It was voidable and depended upon the exercise by the plaintiffs of their right to terminate the contract for the alleged breach upon giving the specified notice. The subletting or assignment without consent did not operate to terminate the lease or the assignment so as to give the plaintiffs the right to immediate possession. The

three days' notice was a condition precedent to the exercise of the right to retake possession upon violation of the provision. The agreement provided the condition for notice before the right to retake possession accrued. The condition applied notwithstanding the fact that the equipment was in the defendant's possession without the consent of the plaintiffs. Since the subletting was voidable only the defendant's possession could not become unlawful until after the lessors' compliance with the condition with respect to notice. Under the express provisions of the agreement, neither the agreement nor the subletting is avoided until the required notice .be given, but the sublease subsists subject to plaintiffs' express remedy for breach of the covenant. (*Randol* v. *Tatum,* 98 Cal. 390 [33 P. 433]; *Garcia* v. *Gunn,* 119 Cal. 315, 318 [51 P. 684]; *Potts Drug Co.* v. *Benedict,* 156 Cal. 322, 327 [104 P. 432, 25 L.R.A.N.S. 609]; *Johnston* v. *Landucci,* 21 Cal.2d 63, 68 [130 P.2d 405], citing *Portuguese-American Bank* v. *Welles,* 242 U.S. 7 [37 S.Ct. 3, 61 L.Ed. 116]; and Restatement of the Law of Contracts § 176; *People* v. *Klopstock,* 24 Cal.2d 897, 901 [151 P.2d 641]; see also *Firpo* v. *Superior Court,* 77 Cal.App. 207, 211 [246 P. 165].)

The plaintiffs seek to support the judgment on the theory of unlawful possession by the defendant, as in cases of conversion. They rely on such cases as *Harpending* v. *Meyer,* 55 .Cal. 555; *Cerf* v. *Phillips,* 75 Cal. 185 [16 P. 778]; *Coy* v. *E. F. Hutton & Co.,* 44 Cal.App.2d 386, 390 [112 P.2d 639]; and *First National Bank* v. *Thompson,* 60 Cal.App.2d 79 [140 P.2d 75].

The facts in those cases are distinguishable. There, the defendant's possession was received from one who had converted the property. It was for that reason deemed tortious and no prior notice or demand was necessary to maintain the action for recovery of possession and damages for unlawful detention. Similarly in *Tucker* v. *Hagerty,* 37 Cal.App. 789 [174 P. 908], also relied on, possession by the defendant constable pursuant to an illegal writ of attachment was deemed a wrongful invasion of the plaintiff's rights. Nor does the case of *Carstensen* v. *Gottesburen,* 215 Cal. 258 [9 P.2d 831], assist the plaintiffs. The facts there concerned the lease of a fishing barge for a division of the gross receipts as rental. It was provided that the lease was nonassignable and that no part of the barge could be sublet without the written consent of the lessors. The lessee, without consent, assigned a half interest in the lease to his codefendant. There was no for-

feiture clause in the lease. In the absence of such a clause the court deemed the provisions of subdivision 1 of section 1931 of the Civil Code to be applicable. The plaintiffs here also invoke that section, which in substance permits the lessor of personal property to terminate the hiring and reclaim possession before the end of the term when the lessee uses or permits a use contrary to the agreement. The rental agreement incorporated the provision of that section, adding thereto the condition for notice. The code provision does not preclude the parties from agreeing to the condition of the specified notice before the lessors may exercise the right. In the Carstensen case we held that the notice actually given, in the absence of express agreement, was sufficient. The parties' agreement for the three days' notice in the present case conditioned the exercise of the plaintiffs' right.

The judgment might be sustainable only if the plaintiffs had the right to the immediate, exclusive and unqualified possession of the property as against the defendant at the time of the commencement of the action, and there was no preliminary act or condition to be performed before that unqualified right of possession came into being. (*People's Savings Bank* v. *Jones,* 114 Cal. 422, 426 [46 P. 278] ; *Boles* v. *Stiles,* 188 Cal. 304 [204 P. 848] ; *Stanley W. Smith, Inc.* v. *Pilgrim,* 93 Cal. App. 539, 541 [269 P. 765].) Since they were required by their own agreement to give three days' notice after violation of the covenant not to sublet without consent before they could reinstate their right to possession of the equipment as against the defendant, and such a notice was not given, the findings are unsupported and do not support the judgment.

The judgment is reversed.

Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.