[No. 8370. Department Two. — August 22, 1885.]

## A. S. FULKERTH, APPELLANT, *v.* THE COUNTY OF STANISLAUS, RESPONDENT.

CLAIMS AGAINST COUNTIES — MEALS FURNISHED PRISONERS — COMPENSATION — ACTION FOR. — The sheriff of a county, if he is dissatisfied with the amount of compensation allowed him by the board of supervisors for meals furnished to prisoners confined in the county jail, may bring an action against the county for the amount which he claims to be reasonable.

APPEAL from a judgment of the Superior Court of the county of Stanislaus.

The facts are stated in the opinion.

*Wright & Hazen*, for Appellant, cited *Price* v. *The County of Sacramento*, 6 Cal. 255; *The County of Grundy* v. *Hughes*, 8 Bradwell (Ill.) 34; *State* v. *County Judge of Floyd Co.* 5 Iowa, 380; *Wappello* v. *Sinnamon*, 1 Greene, 413; *Board of Com. of*

*Bartholomew Co.* v. *Ford,* 27 Ind. 17; *Winslow* v. *Com. of Per-quimas Co.* 64 N. C. 218; *Antanga County* v. *Davis,* 32 Ala. 703.

*T. A. Coldwell,* for Respondent, cited *El Dorado Co.* v. *Elstner,* 18 Cal. 144; *Robinson* v. *Supervisors of Sacramento Co.* 16 Cal. 208; *Fall* v. *Paine,* 23 Cal. 302; *Hornblower* v. *Duden,* 35 Cal. 664; *Tilden* v. *Sacramento County,* 41 Cal. 68: *Colusa County* v. *De Jarnett,* 55 Cal. 373.

BELCHER, C. C. — The plaintiff was sheriff of the defendant county during the year 1881, and as such furnished meals to the prisoners confined in the county jail. For the meals so furnished he made out an account in proper form, and duly verified and presented it to the board of supervisors for allowance. In this account he charged twenty-five cents for each meal furnished. The board acted upon the account and found it to be a proper county charge, but considering it greater in amount than was justly due, allowed twenty cents only for each meal. The plaintiff being dissatisfied with the amount allowed him, within six months after the final action of the board commenced this action to recover the amount claimed by him to be due. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and its demurrer was sustained. The plaintiff declined to amend his complaint, and thereupon judgment was entered in favor of the defendant. The appeal is from this judgment.

For the respondent it is insisted — and this is the only point made — that the board of supervisors in allowing or disallowing claims against the county, acts in a quasi-judicial capacity, and that its action in this case was made final and conclusive by the provisions of section 1611 of the Penal Code. That section reads as follows: "The sheriff must receive all persons committed to the jail by competent authority, and provide them with necessary food, clothing, and bedding, for which he shall be allowed a reasonable compensation, to be determined by the board of supervisors."

We do not think the words "to be determined by the board of supervisors" had the meaning and effect claimed for them.

All claims against the county must be presented to the board of supervisors for allowance, and where the amount of the claim

has not been fixed by statute or the judgment of some competent court, the board is required if it be a proper county charge to find and allow the amount which is justly due. (Pol. Code, § 4074.)

If the board allows less than is claimed, and claimant is dissatisfied with the amount allowed him on his account, he "may sue the county therefor at any time within six months after the final action of the board, but not afterwards; and if in such action judgment is recovered for more than the board allowed on presentation of the judgment, the board must allow and pay the same, together with the costs adjudged; but if no more is recovered than the board allowed, the board must pay the claimant no more than was originally allowed." (Pol. Code, § 4075.)

This provision is general, and applies to all accounts presented against the county.

By subdivision 4 of section 4344 of the same Code, the "expenses necessarily incurred in the support of persons charged with or convicted of crimes and committed therefor to the county jail," are made county charges.

The plaintiff having furnished "necessary food" to the prisoners in jail, was entitled to a "reasonable compensation" therefor. What was a reasonable compensation was to be determined by the board of supervisors in the first instance, but that determination was no more final than would have been the finding by the board of the amount which was justly due if the account had been presented for any other proper county charge.

"To determine what is a reasonable compensation," and "to find what is justly due," are expressions we think of equivalent import. The plaintiff being dissatisfied with the amount allowed him on his account, had the right therefore to sue the county for the amount which he claimed to be reasonable.

The cases cited by counsel for respondent from the reports of this State do not touch the question involved here, and those cited from New York are not in point for the reason that no law existed in that State providing for suit upon a claim disallowed in whole or in part by the board. (*Chase* v. *The County of Saratoga*, 33 Barb. 603; *Martin* v. *Board of Supervisors*, 29 N. Y. 645; *Price* v. *County of Sacramento*, 6 Cal. 254.)

Judgment should be reversed and the cause remanded with direction to the court below to overrule the demurrer

SEARLS, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded with direction to the court below to overrule the demurrer.