Hunholz, Respondent, vs. Helz and wife, Appellants.

*December 8, 1909—January 11, 1910.*

*Specific performance: Contract to exchange lands: Appeal: Discretion: Adjusting amounts paid for taxes: Costs.*

1. An action for specific performance is in a measure addressed to the sound discretion of the court, and where there is no abuse of discretion the judgment will not be disturbed on appeal.
2. Upon enforcing specific performance of a contract to exchange lands it was proper to require payment to defendant of the sum by which the taxes paid by him on his land after the making of the contract exceeded the taxes paid by plaintiff on his land.
3. Where plaintiff was ready, willing, and able to perform on his part an agreement to exchange lands with defendant, and the latter refused to perform, it was proper in decreeing specific performance to award costs to the plaintiff.

Appeal from a judgment of the circuit court for Milwaukee county: Warren D. Tarrant, Circuit Judge. *Affirmed.*

This action was brought to enforce specific performance of a contract in writing by the terms of which the plaintiff agreed to exchange a lot and pay $600 for another lot owned by the

defendants, each party agreeing to convey to the other by warranty deed the lot in question. The case was tried by the court, and the court found that the agreement was made; that plaintiff and defendants each were the owners of the lots which they respectively agreed to convey; that the reasonable value of the plaintiff's property at the time of making the contract was between $300 and $400 and the reasonable value of the defendants' property at the same time was between $900 and $1,000; that the agreement for the exchange of said real estate was fair and reasonable and free from any misrepresentations, fraud, or mistake on the part of any of the parties thereto; that on November 10, 1905, the time specified for the delivery of the papers on the exchange of the property, plaintiff was ready, willing, and able to carry out the terms of the agreement and offered to do so, and tendered a warranty deed with full covenants with an abstract of title and offered to pay $600, and defendants refused to perform on their part; that since the making of the contract plaintiff has paid taxes on said real estate for the years 1905, 1906, and 1907, being the sum of $16.50, and the defendants have paid taxes on their real estate for the same years amounting to $247.21.

As conclusions of law the court found that the plaintiff was entitled to judgment decreeing specific performance of the contract and requiring the defendants, upon payment of $600 and the further sum of $230.71, being the difference between the amount of taxes paid by the defendants and by the plaintiff for the three years last past, and the execution and delivery to them of a good and sufficient deed duly executed with the usual covenants of warranty conveying the plaintiff's property described, and an abstract of title as required, to convey to the plaintiff by deed with usual covenants subject to restrictions and conditions contained in deed to them, and that the plaintiff recover costs of the defendants.

Judgment was entered accordingly in favor of the plaintiff against the defendants, from which this appeal was taken.

*M. T. Halphide,* for the appellants.

For the respondent there was a brief by *Dorr & Gregory,* and oral argument by *Thomas Dorr.*

KERWIN, J.    The errors assigned are based mainly upon the sufficiency of the evidence to support the findings.    After a careful examination of the record we are convinced that the findings are well supported by the evidence.    It is argued by appellants that no proper tender of performance on the part of the plaintiff was shown; that he insisted upon conditions not covered by the contract; that there was a mistake in description of the property in the contract; that costs should not have been awarded against the defendants; and that the judgment is contrary to equity.    An action for specific performance is in a measure addressed to the sound discretion of the court, and where there is no abuse of discretion this court will not disturb the judgment.    There is nothing inequitable or unfair in the contract, and no reason appears in the record why it should not be specifically enforced.    Pom. Eq. Jur. § 1402; *Mulligan v. Albertz,* 103 Wis. 140, 78 N. W. 1093; *Willard v. Tayloe,* 8 Wall. 557.    The points made that plaintiff insisted upon terms different from the contract and the claim respecting tender of performance were properly disposed of by the court below upon the evidence.    The disposition of the payment of taxes by the court in the findings set up in the statement of facts was entirely proper and fair to defendants and in harmony with the rule laid down by this court.    *Cunningham v. Brown,* 44 Wis. 72; *Peterson v. Chase,* 115 Wis. 239, 91 N. W. 687; *Wright v. Young,* 6 Wis. 127.    The findings of the court against the contention of appellants respecting the lot intended to be included in the contract cannot be said to be against the clear preponderance of the evidence and therefore cannot be disturbed.    *Momsen v. Plankinton,* 96 Wis. 166, 71 N. W. 98; *Cunningham v. Brictson,* 101 Wis. 378, 77 N. W. 740; *Von Trott v. Von Trott,* 118 Wis. 29, 94

N. W. 798; *Chase v. Hinkley,* 126 Wis. 75, 105 N. W. 230. No error was committed in awarding costs against the defendants. The case being in equity, and it appearing that the discretion vested in the court respecting costs in equity cases was not abused, the judgment in that regard cannot be disturbed. *Benson v. Cutler,* 66 Wis. 305, 28 N. W. 134; *Clinton v. Webster,* 66 Wis. 322, 28 N. W. 349; *Carrier v. Atwood,* 63 Wis. 301, 24 N. W. 82; *Nevil v. Clifford,* 63 Wis. 435, 24 N. W. 65.

We think the judgment below was right and must be affirmed.

*By the Court.*—The judgment below is affirmed.

