JOHNSON, Appellant, vs. McKEON and others, Respondents.

*November 9—December 5, 1933.*

For the appellant there was a brief by *Kopp & Brunck-horst,* and oral argument by *W. Roy Kopp* and *A. W. Kopp,* all of Platteville.

For the respondents there was a brief by *Joseph F. Collins* and *McDaniel & Olson,* all of Darlington, and oral argument by *Mr. Collins* and *Mr. C. F. McDaniel.*

NELSON, J.   The plaintiff is a son-in-law of the defendant James M. McKeon, hereafter called the defendant.   Subsequent to his marriage, the plaintiff and defendant entered into a land contract for the purchase by the plaintiff of a farm belonging to the defendant.   Thereafter said farm was deeded to the plaintiff, who gave back a mortgage for $17,000.   The plaintiff was unable to comply with the terms of the mortgage, so the defendant took back the farm but leased it to the plaintiff under a written lease which contained an option permitting the plaintiff to elect to purchase the farm.

The lease was entered into on December 17, 1930.   It let unto the plaintiff, his heirs and assigns, the farm in question and other lands for a term of five years commencing March 1, 1931.   The rent reserved was $960, to be paid in a manner not material to this controversy.   The option reads as follows:

"That if the said party of the second part within the specified five years shall give the said party of the first part two calendar months notice in writing that he desires to purchase the quarter-section first above mentioned, and if

at that time there be no breach or non-observance 'of the covenants of the party of the second part hereinafter contained, party of the first, at the expiration of said notice, will upon the payment of one thousand dollars give to the party of the second part a contract for the purchase of the said land at $75 per acre, said contract to provide for additional payments at the rate of $500 per year, and at the time of the making of said contract party of the first agrees and covenants to credit party of the second part with an amount equal to the sum that he has expended upon the premises for improvements, such sum not to exceed $500 and to be credited upon the total purchase price of said land."

On December 31, 1931, the plaintiff by written notice to the defendant exercised his option to purchase the farm.

It seems to be conceded that the plaintiff is entitled to a land contract unless the option to purchase is so uncertain in its terms as to preclude specific performance thereof. It will be noted that the option to purchase was silent as to whether the plaintiff, after having exercised his option, was to have possession of the premises, was to pay taxes thereon, or was to pay interest on deferred payments.

Upon the trial the plaintiff called as his witness the register of deeds for Lafayette county, who testified that a form of land contract produced by him was the form of land contract recorded quite frequently in his office. The form of land contract was received in evidence. That blank contains, among other provisions, the following:

"The said part– of the second part further agree– and covenant– that ―― will pay all taxes, special or general, which have been assessed on the above described premises since the first day of January, ――, and also all such as may be hereafter assessed thereon, whenever such taxes shall become due and payable by law . . . ; and also to hold said premises from the date hereof as the tenant of sufferance of the said part– of the first part, subject to be removed . . . and

"The said part– of the first part hereby agree– and bind– ―― heirs, executors and administrators that in case the

aforesaid sum of —— dollars *with interest* shall be fully paid at the times and in the manner above specified —— will, on demand, thereafter cause to be executed and delivered to said part– of the second part or —— legal representatives, a good and sufficient deed in fee simple of the premises above described. . . ."

The court found the facts stated and others not material to this controversy and concluded that the land contract contemplated by the terms of the agreement dated December 17, 1930, was an ordinary land contract such as was used in the vicinity in which the real estate was located; that under the terms of the contract contemplated the plaintiff would be entitled to the possession of the premises; that he would be required to pay the taxes assessed subsequent to the 1st day of January, 1932; that the purchase price was $12,000; that the plaintiff was entitled to a credit of $1,000; that the contract contemplated the payment of interest at the rate of six per cent. per annum payable annually and the payment of $500 principal on the 1st day of March, 1933, and each year thereafter until paid. Judgment decreeing specific performance was entered in which, however, it was provided:

"5. It is further ordered and adjudged that if the plaintiff herein, Marshall Johnson, shall not elect to accept the said contract within a period of twenty days after the same is tendered to him or to Messrs. Kopp & Brunckhorst, his attorneys, that then and in that event he shall be entitled to the possession of the said premises hereinbefore described under and by virtue of the terms of leasing set forth in that certain agreement that was dated on the 17th day of December, 1930, and which said agreement is set forth *in toto* in the findings of fact previously signed by this court."

Within a few days thereafter, supplemental findings of fact and conclusions of law were made and a supplemental judgment entered. Thereafter a land contract was tendered by the defendant to the plaintiff. This contract was apparently drawn on the assumption that it was not necessary to

provide therein for the payment of the sum of $500 principal and $660 interest on March 1, 1933, or for exhibiting a tax receipt for the 1932 taxes as provided by the judgment. The contract was forwarded to the plaintiff's attorneys by mail, the plaintiff accepted it, executed it and filed the same for record, but did not pay or offer to pay the $500 principal or the $660 interest due March 1, 1933, or to exhibit a tax receipt for the 1932 taxes which he was required to do under the contract to which the court found he was entitled. Upon sensing the situation the defendant obtained an order requiring the plaintiff to show cause why he should not be held in default, etc., under the provisions of the supplemental judgment theretofore entered. Upon hearing had the court made amended supplemental findings of fact and conclusions of law and entered an amended supplemental judgment thereon. Said amended supplemental judgment amended said paragraph 5, heretofore recited, to read as follows:

"5. It is further ordered and adjudged, that the said plaintiff, Marshall Johnson, shall have twenty days after the delivery of the said contract of sale, together with copies of the amended supplemental findings, conclusions and of the amended supplemental judgment, to his attorneys, Messrs. Kopp & Brunckhorst, within which to pay to the said defendant, James M. McKeon or his attorneys, the now due instalments of principal in the sum of five hundred dollars ($500), interest in the sum of six hundred sixty dollars ($660), and submit vouchers covering the payment of the 1932 taxes upon said land, and duly execute said contract of sale. That payment of said instalments and taxes shall be and the same is hereby made a condition precedent to the acceptance of said contract by the plaintiff or his representatives."

The plaintiff contends that the court correctly found the terms of the contract to which he was entitled except as to the interest at six per cent. per annum payable annually

on deferred payments. As to the interest, he contends that none was to be paid. This contention is based upon the fact that nothing was said in the option contract regarding the payment of interest; that looking to all of the surrounding circumstances, including the reasonable value of the lands at the time the contract was entered into, the court should have concluded that the payment of interest was not contemplated. We think under the facts which show that the plaintiff would have twenty-two years in which to pay the purchase price of $11,000 and that he signed and accepted the contract tendered to him, which provided for the payment of interest, it would be most unreasonable to conclude that the payment of interest was not contemplated. The plaintiff himself offered in evidence the ordinary land contract used and employed in' Lafayette county. That form of contract specifically mentioned the payment of interest. We think the attack made upon the judgment in respect to the payment of interest is without merit.

The plaintiff further contends that the judgment should have provided that he have the right to reject the land contract to be tendered him if he chose so to do, and in that event his election should be held for naught and he be given the right to continue in possession of the farm under and pursuant to the terms of the lease. We think this contention also without merit. The plaintiff, by the contract of December 17, 1930, was given the option to elect to purchase the lands under a land contract. He exercised that option. Having done so, it is clear that he elected to purchase the lands under contract and to hold the lands thereafter as vendee, not as a tenant under the lease. There is nothing in the contract which provides that, after having made his election, he may repudiate it and re-elect to hold under the lease. No one contends that when the plaintiff made his election he was not entitled to have tendered to him a land contract as of March 1, 1932.

We think the court was right in decreeing specific performance of the contract. That being so, the plaintiff must either accept a contract drawn in accordance with the amended supplemental judgment or reject it. If he accepts it he becomes bound thereby. If he rejects it, not because it fails to comply with the judgment, but because he does not like it, or because it does not accord with his ideas as to what it should contain, then it must be held that he loses all rights under both the lease and the option.

The plaintiff further contends that the court erred in adjudging in its amended supplemental judgment entered March 11, 1933, that as a condition precedent to having a land contract tendered to him he should be required to pay the sum of $500 principal, $660 interest, and the taxes for the year 1932, which he would have had to do under the terms of the land contract as found by the court had it been tendered to and accepted by him as of March 1, 1932. With this contention we cannot agree.

Whether a court of equity shall grant a decree of specific performance of a contract rests in the sound discretion of the court, to be exercised in accordance with settled equitable principles and in view of the peculiar circumstances of the case. *Chandler v. Gault*, 181 Wis. 5, 194 N. W. 33; *Woldenberg v. Riphan*, 166 Wis. 433, 166 N. W. 21. The judgment of the court will not be disturbed in the absence of an abuse of discretion. *Hunholz v. Helz*, 141 Wis. 222, 124 N. W. 257. In view of the record, which shows that after the plaintiff accepted the land contract tendered to him he refused or failed to pay the $500 principal and the $660 interest, which in any reasonable view were due as of March 1, 1933, in the absence of payment of rent for the year 1932, or to exhibit a tax receipt for the 1932 taxes; that he leased the farm to another and removed his property therefrom; that his stock removed was mortgaged; that he thereafter assigned the rent reserved in his lease to others

as security for his indebtedness to them, we think the court did not abuse its discretion in decreeing as a condition precedent to specific performance and to having a contract tendered to the plaintiff that he pay the $500 principal, the $660 interest, and the taxes for the year 1932.

*By the Court.*—Judgment affirmed.