HELBIG, Appellant, vs. BONSNESS, Respondent.

*January 12—February 15, 1938.*

The cause was submitted for the appellant on the briefs of *Tom L. Yates* of Amery, and for the respondent on the brief of *Doar & Knowles* of New Richmond.

FRITZ, J.   So far as material in passing upon this appeal, it suffices to note that the evidence establishes and the court found that on February 18, 1936, at the same time and place and as parts of but one and the same transaction, Emil Kulin executed under seal a unilateral option, wherein he agreed to give to the plaintiff, Charles Helbig, an option to buy a farm prior to April 1, 1937, upon payment of $2,500, and Kulin and Helbig also executed, as lessor and lessee, respectively, a lease of the farm for one year, under which Helbig covenanted to pay $75 on April 1st and likewise on October 1, 1936; that the option was given as part consideration for the lease, and the lease was the only consideration which was in fact given by Helbig for the option, although it was recited therein that it was in consideration of $1 and other valuable consideration paid to Kulin; that Helbig never paid any of the rent, and abandoned the farm on August 26, 1936, with-

out notifying Kulin, although he had informed Kulin on June 19, 1936, that he was unable to obtain a loan to enable him to purchase the farm; that thereafter Kulin sold the farm to the defendant, his sister, in consideration of her payment of $2,175 to discharge mortgage indebtedness and delinquent taxes thereon; and that she had knowledge of plaintiff's option, and was subsequently informed that a stranger to the transactions promised Helbig a loan of money with which he was ready to exercise the option. The trial court concluded that as the lease and option were parts of one and the same transaction, they should be construed together as one agreement, and Helbig had to perform his obligations under the lease before he could compel Kulin or the defendant, his grantee, to specifically perform under the option; and that as he had refused and wholly failed to perform his covenants under the lease, he was not entitled to specific performance.

The plaintiff's principal contentions on appeal are that the court erred in concluding (1) that the lease and option constituted a single agreement of which the option was part; (2) that there was no consideration for the option other than the plaintiff's covenants in the lease; (3) that the plaintiff wholly failed in the performance of his part of the agreement; (4) that his failure to comply with the provisions of the lease defeated his rights under the option; and (5) that because of such failure it would be unfair and unreasonable to compel specific performance of the option.

Those contentions cannot be sustained. Although the option is under seal and recites the receipt by Kulin of $1 and other valuable consideration, the seal thereon affords only presumptive evidence of consideration in view of sec. 328.27, Stats., which provides, "A seal upon an executory instrument shall be received as only presumptive evidence of a sufficient consideration." When the purpose of showing what

was the true consideration of an agreement is not to defeat its validity as a contract because of the absence of any consideration, but is, as in the case at bar, to prove what the true consideration was in order to enable the court to determine whether there had been such performance as to entitle a party to such equitable relief as the plaintiff seeks herein, then such consideration may be shown under the rule that,—

"Where the contract is under seal, the true consideration may be shown, but not for the purpose of defeating the contract." *Bradley Bank v. Pride,* 208 Wis. 134, 137, 242 N. W. 505.

Under the transaction in question the plaintiff's obligation to pay the rent required under the lease constituted virtually the only true consideration for the option, as well as the lease,. which, as clearly part of one and the same transaction, should be construed and regarded as one agreement. *Seaman v. McNamara,* 180 Wis. 609, 193 N. W. 377; *Bank of Sheboygan v. Fessler,* 218 Wis. 244, 260 N. W. 441. Consequently the plaintiff's failure to pay any rent constituted such a complete failure of consideration for the option and the lease as to defeat his rights thereunder; and in view of that failure, and his voluntary abandonment of the farm, it would clearly be unreasonable and inequitable to compel specific performance of the option by Kulin or his grantee for an adequate consideration.

In seeking specific performance, the plaintiff is confronted with the well-established principles that "he who seeks equity must do equity;" that specific performance is not a matter of right, but is a matter that rests in the sound discretion of the court (*Hunholz v. Helz,* 141 Wis. 222, 124 N. W. 257; *Woldenberg v. Riphan,* 166 Wis. 433, 166 N. W. 21; *Chandler v. Gault,* 181 Wis. 5, 194 N. W. 33) ; and that the court will not grant such relief unless satisfied under all the circumstances of the case that the claim is fair, and that the

contract is equal and founded upon a good consideration. *Hay v. Lewis,* 39 Wis. 364; *Mulligan v. Albertz,* 103 Wis. 140, 78 N. W. 1093; *Johnson v. McKeon,* 213 Wis. 358, 251 N. W. 226. In view of those principles and the court's findings and conclusions herein, the judgment was proper and must be affirmed.

*By the Court.*—Judgment affirmed.