[Civ. No. 15786. Second Dist., Div. Two. Apr. 28, 1947.]

BEDFORD INVESTMENT COMPANY (a Corporation), Respondent, v. ALEX FOLB et al., Appellants.

C. V. Caldwell for Appellants.

J. Robert Arkush for Respondent.

WILSON, J.—Respondent leased business property in Los Angeles to appellants by a written instrument dated October 17, 1945, the original draft of which contained a provision that the lessees should not assign the lease nor sublet any part of the premises without the lessor's written consent. Appellants objected to that provision as being too restrictive and to satisfy their objection the following words were added: "Lessor shall not arbitrarily withhold approval." As so amended the lease was signed by lessor and lessees.

In April, 1946, appellants sublet a part of the premises to defendants Farrell and Rios after having requested but without having received respondent's consent. Appellants contend that the withholding of the lessor's consent was arbitrary and in violation of the lease.

Respondent brought this action for unlawful detainer, after having served a notice of termination of the lease and notice to quit, on the ground that the sublease had been made without its consent. Judgment was in favor of respondent for possession of the premises and damages in the sum of $8.33 per day for each day after May 31, 1946, from which appellants have appealed.

Appellant Alex Folb testified that on the day before he signed the sublease he had a conversation over the telephone with Pelton, business manager of respondent, in which he requested the lessor's consent to the sublease and that Pelton refused to give his consent unless he received half of the profits that appellants were receiving from it. Pelton did not deny making that statement but testified merely that he did not recall such a conversation. A sublease of a portion of the premises to another party had been previously consented to by Pelton on behalf of respondent. Referring to another occasion when appellants desired to sublet a part of the building to be used as a liquor store, Pelton testified that he did not recall having made any objection thereto but that he had referred the matter to his attorney. Folb said that Pelton offered no objection. The tenants under the sublease in question are engaged in the upholstering and furniture repair business which would not appear to be any more objectionable than the liquor business.

Pelton was asked by appellants' counsel on cross-examination "Did you object or have objection to the type of business they were running?" referring to the sublessees. The court sustained an objection to the question and the ruling is assigned as error. The evidence shows that before the sublessees moved into the premises appellants advised respondent as to who they were and the kind of business they intended to conduct. Pelton knew Farrell's business through a conversation previously had between them. The question was proper for the purpose of showing whether the refusal to consent to the sublease was because of the character of their business or was an arbitrary rejection of appellants' request. The court erred in sustaining the objection.

That Pelton had no objection to the subtenants' business is shown by the evidence of defendant Farrell, one of the sublessees. He testified that about a month after this action was commenced he had a conversation with Pelton in which he said that he, Farrell, did not want to be compelled to move and lose what he had expended on the store, to which Pelton responded "you don't have to worry. We can come to terms, whatever who wins or loose the case." [Sic.]

Farrell also testified that he had attempted to rent from respondent the entire premises covered by appellants' lease shortly before they were leased to appellants, and that he told Pelton the kind of business he intended to conduct—

upholstering and repairing furniture; that the lease was not made because Farrell and his partner felt that the rent was too high; that Pelton did not object to the business in which they were engaged. The court struck out Farrell's testimony concerning his conversation with Pelton. This ruling was erroneous for the reason that the answer as given showed that Pelton knew the character of the business which the sublessees intended to carry on, yet he did not offer this to appellants as an objection to the sublease.

An arbitrary act or decision is one that is arrived at through the exercise of will or by caprice, one supported by mere option or discretion and not by a fair or substantial reason. This is the only rational characterization that is suggested by the record of respondent's refusal to give its approval to the sublease.

The case was tried on August 2, 1946. Alex Folb testified that the rent was "paid right up to date." There was no objection to the question, no motion to strike the answer, and no cross-examination. The evidence of payment must be taken as true since the record does not contain any denial of the testimony or any evidence that the rent was not accepted by respondent. Pelton testified in rebuttal on other matters but was not asked to deny Folb's testimony that the rent was paid to the date of trial. Respondent's acceptance of payment of the rental after the action was filed bars the right to forfeit the lease. The enforcement of covenants for forfeiture are avoided whenever possible. The right of the lessor to declare a forfeiture of a lease by reason of the making of a sublease without the lessor's consent in violation of the lease is waived when the lessor, after knowledge of the sublease, accepts the rents specified in the lease. (*Kern Sunset Oil Co.* v. *Good Roads Oil Co.*, 214 Cal. 435, 440 [6 P.2d 71, 80 A.L.R. 453]; *Miller* v. *Reidy*, 85 Cal.App. 757, 762 [260 P. 358].) The statement by respondent's counsel in his brief that notice had been given to appellants that no rent was being accepted subsequently to the alleged breach of the lease is not supported by any evidence and the brief so admits. Even if evidence of such notice had been offered it would not have rebutted the uncontradicted evidence of payment.

Since it is undisputed that the rent was paid up to the date of trial, the finding that respondent was entitled to damages in the amount of the rental value of $8.33 per day from May 31, 1946, and the judgment for that amount were con-

trary to the evidence and therefore erroneous. The payment of rent obviously bars any judgment against appellants for the rent and it likewise bars a judgment either for damages or for possession.

The complaint alleged and the court found that the sublease was made without plaintiff's knowledge. The evidence does not sustain the finding but that to which we have referred abundantly demonstrates the contrary.

The answer alleged that plaintiff had no just or reasonable cause for refusing its consent to the sublease and that its refusal was arbitrary and in violation of the lease. The court found that this allegation was not true. The evidence heretofore mentioned conclusively shows that Pelton, respondent's business manager with whom all the business was transacted, was notified by appellant Alex Folb of the intended sublease and information was given concerning the proposed sublessees. By Pelton's previous conversation with Farrell he knew the character of their business. The only reason for the refusal of consent that can be gleaned from the evidence is that appellants did not offer Pelton a share of such profits, if any, as they would have derived from the transaction.

There are other errors in the record but they need not be mentioned since those enumerated necessitate the reversal of the judgment.

The court is ordered to enter a judgment in favor of defendants restoring to them all rights to which they were and are entitled under the lease.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied May 6, 1947, and the opinion and judgment were modified to read as above.