[Civ. No. 15440. First Dist., Div. Two. July 13, 1953.]

GEORGE G. MATHEWS et al., Respondents, v. H. E. MacARTHUR, Appellant.

---

Albert Picard and Raymond N. Baker for Appellant.

Phillips, Avakian & Johnston for Respondents.

NOURSE, P. J.—Plaintiffs sued for damages for defendant's breach of a written contract for the sale and exchange of real property. In a trial to the court plaintiffs had judgment for $4,349.48. The defendant rested on charges of fraud and misrepresentation precedent to the execution of the contract and on a special defense that plaintiffs had consented to a rescission of the contract.

Findings favorable to plaintiffs were made on all these issues. The main burden of the appeal is the sufficiency of the evidence to support these findings, though that is not stated as one of the grounds relied on. It would serve no useful purpose to repeat the evidence here. Suffice it to say that the evidence produced by plaintiffs was sufficient to support the finding of defendant's breach, the absence of fraud, and the refusal of plaintiffs to consent to a rescission.

The real point at issue is whether the court applied the proper rule of damages in making the award when it allowed plaintiffs the difference between the contract value and the amount obtained by plaintiffs on a resale. Though the argument on this point is intermingled with discussions of insufficiency of the evidence that fact should not confuse the real issue whether evidence of the resale price is evidence of the damages caused by the breach.

Appellant cites *Royer* v. *Carter*, 37 Cal.2d 544 [233 P.2d 539], as an "analogous" case supporting their theory that the computation of damages on the basis of the resale value was error. The decision does not support the theory. There the resale price was accepted without consideration of the admitted decline in the market. ■ The true rule of the case, supported by the citation of *Bagdasarian* v. *Gragnon*, 31 Cal.2d 744 [192 P.2d 935], is that the resale value of

the identical property is proper evidence of the damages to the seller for the breach provided proper consideration and adjustment are given to the decline in the market subsequent to the contract.

Appellant suggests without argument or citation of authority that it was error for the trial court to deduct from the resale price paid by Mrs. Russell the sum of $1,800 expended by respondents in repairs to the building subsequent to appellant's contract. ■ In estimating the damages caused by appellant's breach on the basis of the resale price it was proper to take into consideration that the price paid reflected an increase in the value through this expenditure for repairs and improvements. If appellant had completed the contract as agreed those repairs would have been a burden on him alone. No reason is given why they should not be deducted from the resale price.

Judgment affirmed.

Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 10, 1953.