[Civ. No. 6002.   Fourth Dist.   Apr. 2, 1959.]

PHILIP P. CROWELL, Respondent v. BENJAMIN F. BRALY, Appellant.

Guy Knupp, Jr., for Appellant.

Alfred G. Mortimore for Respondent.

SHEPARD, J.—This is an appeal from a judgment decreeing specific performance of an option to purchase 320 acres of land in Tulare County. The appeal is taken on the clerk's transcript, which contains only the judgment roll, the pretrial statement and order, and certain minute orders, and is apparently under rule 5, Rules on Appeal, 50 Cal.2d 5.

The court found that defendant, as lessor, made a lease agreement with plaintiff's assignor on February 14, 1949, and that plaintiff is the lessee thereunder; that said lease agreement contains an option clause granting an option to buy the land described in plaintiff's complaint for $150 per acre at any time during the tenure of the lease, lessor agreeing to furnish clear and merchantable title with a reservation to lessor of 50 per cent of petroleum and mineral rights and the option to be exercised by 30 days' written notice to lessor; than on December 18, 1956, at a time when said written lease agreement was in full force and effect, plaintiff exercised said option and gave written notice thereof to defendant; that plaintiff timely and properly tendered to defendant the purchase price; that any defect in the form of the tender was waived by defendant; that defendant failed, refused and neglected to comply with the option agreement; that plaintiff has duly performed all the conditions in said written lease agreement on the part of the lessee to be performed; that plaintiff is still ready and willing to pay said purchase price as provided in the option clause; that there is an encumbrance of $25,000 in the form of a deed of trust to a third party; that the agreement was fairly entered into and was and is in all respects just and reasonable; that the consideration was fair and adequate for the agreement, and the purchase price was a fair and adequate consideration for the conveyance of said real property and is the fair and reasonable value of said real property; that defendant refuses to convey said property to the plaintiff; and that plaintiff did not prove additional

damages. From the pleadings and from the pretrial order it appears that long prior to the exercise of the option the parties were in contention and dispute over the meaning of a certain clause in the lease wherein it is said:

"The lessee covenants and agrees to pay the said rental at the time and in the manner hereinabove set out and to pay or reimburse lessor, when due, for the amount of taxes assessed against all improvements made by the lessee upon the leased land during the term of this lease."

From defendant's brief and pleadings it appears that there was a substantial increase in taxes on the land due to plaintiff's betterment of the land; litigation and suit followed as a result of this dispute over the meaning of the word "improvements," and the ultimate decision was against plaintiff herein; the amount of the judgment in that action was paid by this plaintiff to this defendant; and that before said payment was made this defendant gave notice of default and made demand that said taxes be paid within 60 days. Defendant contends that the plaintiff on December 18, 1956, when he gave notice of election to exercise his option to purchase, was in default. This default involves the failure to pay a portion of certain taxes under the conditions hereinbefore described. Defendant further contends that there was no legally effective exercise of the option, and that there was no effective legal tender.

Due to the fact that there has been brought to this court no transcript of the evidence received in the action, we are compelled to assume that in the evidence adduced at the trial there was substantial evidence to support the findings. (*Transportation Guar. Co.* v. *Jellins,* 29 Cal.2d 242, 245 [1a] [174 P.2d 625]; *White* v. *Jones,* 136 Cal.App.2d 567, 569 [3] [288 P.2d 913]; *Kompf* v. *Morrison,* 73 Cal.App.2d 284, 286 [1] [166 P.2d 350].)

In dealing with defendant's first point, that plaintiff was not entitled to exercise the option to purchase at a time when he was in default in the performance of a material covenant of the lease, it must be remembered first that all defaults do not necessarily terminate or prevent the exercise of an option nor do they, of themselves, work a forfeiture. (*Schnittger* v. *Rose,* 139 Cal. 656 [73 P. 449].) The acceptance of rent by the lessor after breach by the lessee may often be considered a waiver of the breach. (*Randol* v. *Tatum,* 98 Cal. 390 [33 P. 433]; *Group Property, Inc.* v. *Bruce,* 113 Cal.App. 2d 549, 556 [2, 3] [248 P.2d 761]; *Julien* v. *Gossner,* 103 Cal.

App.2d 338, 344 [6] [229 P.2d 786]; *Kern Sunset Oil Co.* v. *Good Roads Oil Co.*, 214 Cal. 435, 440 [2] [6 P.2d 71, 80 A.L.R. 453]; *Bedford Investment Co.* v. *Folb*, 79 Cal.App.2d 363, 366 [3] [180 P.2d 361]; *Guerin* v. *Blair*, 33 Cal.2d 744, 746 [2] [204 P.2d 884]. ■ This rule is consistent with the rule announced in *Katemis* v. *Westerlind*, 120 Cal.App.2d 537, 543 [8] [261 P.2d 553], where the court states that:

". . . the modern view that valuable contractual rights should not be surrendered or forfeitures suffered by a slight delay in performance unless such intention clearly appears from the contract or where specific enforcement will work injustice after a delayed tender."

This liberal construction is fortified by our Legislature in Civil Code, section 3392, where it permits specific performance if the failure to perform by the buyer is "only partial, and either entirely immaterial, or capable of being fully compensated, in which case specific performance may be compelled, upon full compensation being made for the default." Other jurisdictions in the United States apparently follow this general rule. (*Helbig* v. *Bonsness*, 227 Wis. 52 [277 N.W. 634, 115 A.L.R. 373]; 115 A.L.R. 376, 378.) ■ It must be remembered also that the lessor may not ordinarily declare a forfeiture after a lessee has tendered the purchase price (*Gordon* v. *Dufresne*, 205 Cal. 512, 514 [1] [271 P. 1066].)

■ The defendant's second point is that there is no legally effective exercise of the option. From the findings of the court it appears that defendant did not, in the original instance, make an objection to the form of tender, and for that reason must be deemed to have waived any technical objections. (*Hunt* v. *Mahoney*, 82 Cal.App.2d 540, 546 [3] [187 P.2d 43]; *Cates* v. *McNeil*, 169 Cal. 697, 701 [147 P. 944].)

■ The third point raised by defendant is covered by the same rules. It is not disputed in the papers available to us that a notice of the exercise of the option was given, and that the whole amount of the $48,000 purchase price was deposited with the title company before the consummation of the transaction. We think an attempt by defendant to raise a technical objection to the form of tender almost two months later must be deemed ineffectual. In any event, the trial court found against defendant on this issue, and we are compelled to assume that on the trial there was sufficient evidence to support the findings of the court. ■ The pretrial order sets up the contentions of the parties and is deemed to control the sub-

sequent course of the case unless modified at or before trial. (Rule 8.8, Rules of Superior Courts, 47 Cal.2d 7.)

On the entire record before us and in consideration of the fact that we are required to assume there was sufficient evidence to support the findings of the trial court, we are unable to see that there was any inconsistency between the pleadings and the findings.

The judgment is affirmed.

Griffin, P. J., and Mussell, J., concurred.