[Civ. No. 6351.    Fourth Dist.    Jan. 10, 1961.]

EVELYN WICKMAN et al., Respondents, v. E. G. OPPER
et al., Appellants.

Robert S. Stedman for Appellants.

Elmer R. Guy for Respondents.

COUGHLIN, J.—This is an action to recover damages for breach of a contract of sale of a cocktail bar. Judgment was rendered in favor of the plaintiff, as the seller, against the defendant, as the buyer, for the sum of $4,795.46. The defendant appeals, contending that the amount of the judgment is not supported by the evidence and that the court erred in permitting an amendment to the complaint at the time of trial which added several items of alleged damage.

Under a contract evidenced by two instruments in writing, the defendant agreed to purchase a cocktail bar business, including a liquor license, lease, fixtures and stock in trade, for the sum of $46,000, plus ''pro-ration'' of insurance and other items not relevant to the issue on appeal. The defendant paid the plaintiff $1,000 forthwith; went into possession of the business; conducted the same for approximately four and one-half months; and thereupon repudiated the contract and vacated the premises. The plaintiff forthwith took possession

and resold the business for $45,000, incurring a $1,500 brokerage fee in order to effect the second sale. In her original complaint the plaintiff alleged general damages in the sum of $15,000 and also a number of items of special damage.

At the time of trial the plaintiff moved for permission to file an amendment to her complaint alleging a number of additional items of special damage which hereafter will be noted more specifically. The trial court took this motion under submission; overruled objections to evidence in support of the allegations in the proposed amendment; but the record does not reveal whether the motion ever was granted or denied. Nevertheless, both parties assume that the motion was granted; the plaintiff relying upon it; and the defendant citing the granting thereof as error.

The court found that the plaintiff "took a $2500.00 loss" when she resold the property after defendant's breach, viz., the difference between the contract price of $46,000 and the subsequent sale price of $45,000, less a $1,500 broker's commission. No broker's commission had been paid on the first sale. The court also found that the plaintiff had "suffered a loss of $3095.86 for expenditures made by her while defendant . . . was in possession," during which time he kept all of the proceeds from the business. The sum in question is the total of four and one-half times the monthly installment payments of $390.97 on the purchase of equipment, $58 on the purchase of carpeting, and $41 on the purchase of a cash register, together with $100 monthly payments on a landscaping account and a prorata monthly charge of $49 for insurance and $49 for the liquor license. In addition, the court found that the plaintiff had expended $200 to clean the carpeting after the defendant vacated the premises. All of the foregoing items of damage had been specifically alleged in the proposed amendment to the plaintiff's complaint. None of these items had been specifically alleged in the original complaint. The court found that the allegations in the original complaint with respect to general damages were untrue "except as found herein," and made "no findings" on other allegations of damages therein alleged. The court allowed an offset of $1,000, being the cash payment made by the defendant, and awarded judgment in the sum of $4,795.46, which is 40 cents less than the total of the items of damage heretofore noted.

On appeal the defendant objects particularly to that part of the award which charged him $220.50 as a four and one-half month's prorata of the annual liquor license, and to the items

of damage arising out of payments on the equipment, carpeting, cash register and landscaping which, at four and one-half times the monthly payments made thereon, totalled $2,654.86. Tacit admission that the difference in the sales price, the broker's commission and the insurance prorata were properly considered items of damage is expressed in the defendant's opening brief. No contention is made with respect to the $200 carpet cleaning bill.

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom" (Civ. Code, § 3300); provided, however, ". . . no person can recover a greater amount in damages for the breach of an obligation than he could have gained by the full performance thereof on both sides . . ." (Civ. Code, § 3358).

■■■ The Civil Code expressly provides a measure of damages for the breach of a contract for the sale of goods (Civ. Code, § 1784), and for the sale of realty (Civ. Code, § 3307). The sale in question involved goods, a business, good will, and other personal property as well as a leasehold interest in real property. No segregation of the contract price of the various items sold appears. As a consequence, any limited measure of damages exclusively applicable to the sale of goods or the sale of an interest in real property should not govern the determination in this case but, rather, the general rule prescribed by Civil Code, section 3300, as limited by Civil Code, section 3358, should be applied. ■■■ The application of these statutory provisions to an action for breach of contract tends to give "the injured party the benefit of his bargain and insofar as possible to place him in the same position he would have been in had the promisor performed the contract." (*Coughlin* v. *Blair*, 41 Cal.2d 587, 603 [262 P.2d 305]; *Steelduct Co.* v. *Henger-Seltzer Co.*, 26 Cal.2d 634, 649 [160 P.2d 804]; *Noble* v. *Tweedy*, 90 Cal.App.2d 738, 745 [203 P.2d 778]; *Avery* v. *Fredericksen & Westbrook*, 67 Cal.App.2d 334, 337 [154 P.2d 41].) To assure the plaintiff the benefit of her bargain, the application of a measure of damages analogous to that generally prescribed with respect to sales of goods or an interest in real property is fair and reasonable under the circumstances in this case. Stated broadly, the general damages recoverable under such a measure are the difference between the contract

price and the market price at the time of breach. In addition, in order to effect a complete recovery under the benefit of the bargain rule other items of special damage properly may be awarded. (*Royer* v. *Carter,* 37 Cal.2d 544, 550 [233 P.2d 539].)

In the case at bar, the court found that the plaintiff had suffered a loss of $2,500; that she immediately resold the property for $45,000; and that she incurred a brokerage expense of $1,500 to effect such resale. The price obtained at the second sale was evidence of the market value of the property at the time of breach. (*Royer* v. *Carter, supra,* 37 Cal.2d 544, 548; *Bagdasarian* v. *Gragnon,* 31 Cal.2d 744, 755 [192 P.2d 935]; *Mathews* v. *MacArthur,* 119 Cal.App.2d 196, 197 [258 P.2d 1068].) No conflicting evidence was presented. The brokerage expense was a proper item of damage. (*Royer* v. *Carter, supra,* 37 Cal.2d 544, 550; *Pasteur Realty Corp.* v. *LaFleur,* 154 Cal.App.2d 5, 9 [315 P.2d 374].) The general finding that the plaintiff sustained a loss of $2,500 is fully supported by the evidence and the specific findings in the premises.

On the other hand, as contended by appellant, the plaintiff was not entitled to the monthly payments made on the equipment, carpeting, cash register and landscaping, which totalled $2,654.87, because such an award would give her a recovery greater in amount than she would have gained by full performance. A seller is entitled to the benefit of his bargain, but may not recover more than he would have received by full performance. (*Steelduct Co.* v. *Henger-Seltzer Co., supra,* 26 Cal.2d 634, 649.) As a consequence, he may not recover payments or expenses which he would have made or incurred if the contract had been performed. (*Royer* v. *Carter, supra,* 37 Cal.2d 544, 550; *Avery* v. *Fredericksen & Westbrook, supra,* 67 Cal. 334, 337.) It is apparent that the plaintiff was contracting to sell property which she did not own, but was purchasing from someone else. She had a legal right to make such a contract. (Civ. Code, § 1725; *Backman* v. *Park,* 157 Cal. 607, 609-610 [108 P. 686, 137 Am.St.Rep. 153]; *Estate of Fulmer,* 203 Cal. 693, 701 [265 P. 920, 58 A.L.R. 430]; *Central Mutual Ins. Co.* v. *Schmidt,* 152 Cal.App. 2d 671, 675 [313 P.2d 132].) On the other hand, she was obligated to make the payments on the property which she had agreed to sell, in order that she might deliver title when performance was due. If the defendant had performed his part of the contract, the plaintiff eventually would have received $46,000. As the situation now stands, eventually she will

receive the same amount of money, which will be composed of the $45,000 payable by the subsequent purchaser and the additional $1,000 payable by the defendant under the judgment herein. In either event, viz., the sale to the defendant or a sale to the subsequent purchaser, she would have to pay out the monthly payments becoming due under her prior purchase agreements. Stated otherwise, the net amount she would receive from either sale would be $46,000 less the monthly payments she is required to make in order to perform her part of the contract. Obviously this computation does not take into consideration the additional expenses to which the plaintiff was put on account of the brokerage fee in connection with the second transaction. Consequently, the amount of this fee properly was awarded to her.

The liquor license fee and the insurance premium payments were prorated items. Under the contract in question, the defendant agreed to pay a "pro-ration" of the insurance premium. As he was in possession for four and one-half months, under the contract he is obligated to pay this item in accord with his agreement. He had the benefit of the insurance for which he had agreed to pay. However, the contract made no provision for prorating the previously paid annual liquor license. Although the defendant received an indirect benefit from this license, he did not agree to pay the plaintiff anything therefor over and above the stipulated contract price. She is not entitled to recover this item.

There being no contention with respect to the award of damages based upon the carpet cleaning bill, its propriety is admitted.

The defendant also contends that the trial court was not authorized to permit the filing of an amendment to the complaint after the pretrial order. In this case, the pretrial order settled the issues as of its date. However, such order did not foreclose the trial court from thereafter permitting an amendment of the pleadings. (*Rocky Mountain Export Co.* v. *Colquitt,* 179 Cal.App.2d 204, 206 [3 Cal.Rptr. 512] ; *Atkins* v. *Atkins,* 177 Cal.App.2d 207, 211 [2 Cal.Rptr. 104].) Although a pretrial order determines the issues to be tried, it may be modified at or before the trial. (Rule 8.8, Rules for Superior Courts; *Crowell* v. *Braly,* 169 Cal.App.2d 352, 355-356 [337 P.2d 211].) An amendment to a pleading raising new issues would constitute such a modification.

No contention has been made with respect to that part of the judgment determining the defendant's liability for breach

of the contract of sale in question, and no purpose would be served in requiring a new trial on the issues respecting liability. Therefore the case should be remanded to the trial court for further proceedings on the issue of damages alone.

The judgment is reversed with instructions to the trial court to reopen the case for further proceedings on the issue of damages alone, and thereafter to enter judgment in favor of the plaintiff and against the defendant in such amount as it may determine to be proper, consistent with the views expressed in this opinion and the law and the facts in the premises.

Griffin, P. J., and Shepard, J., concurred.