Filed 8/11/14  Conservatorship of Brandon S. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| Conservatorship of the Person of BRANDON S. | |
| KIMBERLY H., | F067126 |
| Petitioner and Appellant, | (Super. Ct. No. VPR045881) |
| v. | **OPINION** |
| BRANDON S., | |
| Respondent. | |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Paul A. Vortmann, Judge.

Kimberly H., in pro. per., for Petitioner and Appellant.

No appearance for Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Kane, J. and Detjen, J.

Kimberly H. (appellant) was removed as the conservator of her son, Brandon S. (conservatee).  On appeal, she argues that the conservatee did not have an opportunity to advocate for himself and, therefore, the termination must be reversed.  We will affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant is the mother of Brandon S., a mentally disabled 30-year-old man.  Appellant resides in San Diego, California.  She was appointed his limited conservator in 2002.  The conservatee has resided at Porterville Developmental Center (PDC) in Tulare County, California since November 2009.

A court investigator expressed concern regarding appellant's disruptive behavior at PDC, and wrote the court a letter requesting issuance of an order to show cause why appellant should not be removed as conservator.  A court hearing took place on December 5, 2012, regarding the court investigator's report.  Appellant raised allegations that her son was raped 19 times while at PDC.  The court took these allegations seriously and ordered the public defender to investigate the claims.

A hearing was held on January 16, 2013, following the investigation.  The court reviewed the investigator's reports involving the allegations as well as appellant's interactions with PDC staff.[1]  Representatives from PDC were present and prepared to testify about the allegations and appellant's behavior.  The public defender indicated that he interviewed the conservatee and reviewed other records from PDC.  He concluded that the conservatee was not a victim of sexual assault, and that he was happy with his placement.  Counsel for PDC stated that appellant intervened in the investigation, and pressured the conservatee to say he was forced into nonconsensual sex.  He further stated that these allegations were interfering with the conservatee's program.  These statements were reflected in the investigative reports.  The court concluded from the investigation and the reports that appellant's allegations lacked merit, and any sexual activity was

---

[1]     The record on appeal did not include these reports.

2.

consensual.  The court also ordered appellant to show cause why there should not be another conservator appointed due to her statements and behavior in court.

The court held an evidentiary hearing on March 4, 2013.  Appellant testified about an incident when she was escorted out of PDC by police.  She testified that the police were called because she had tears running down her face.  She stated she was not allowed to go outside to smoke a cigarette, causing her to become claustrophobic.  Appellant believed her rights were violated and filed a formal complaint after the incident.  After she filed a complaint, she believed she was under attack by the facility in retaliation for her complaint.  She also testified that her behavior was the result of an undiagnosed medical condition that she now has under control.

Appellant testified that she did not have any dispute about the treatment plan for the conservatee.  However, counsel for PDC indicated that appellant was not cooperating with the treatment plan, and recommended her removal.

Counsel for PDC stated that appellant was disrupting the conservatee's treatment because she opposed the activities of the conservatee.  Appellant went to the facility to complain about homosexual activity and suggested sterilization.  Appellant's behavior was also disruptive to other patients.  She apparently told a patient who allegedly raped the conservatee to never touch her son again.

The public defender representing the conservatee argued that not only should appellant be removed, but a conservatorship was not necessary at all.  She asserted that PDC should be responsible for his treatment, but appellant was interfering with the plan.

On April 3, 2013, the court addressed the issue of whether appellant should be removed as conservator.  The court reviewed an additional report from the regional center in San Diego concerning appellant's behavior.[2]  The court recognized that appellant had the conservatee's best interest in mind, but her conduct and testimony showed instability,

_____

[2]     The record on appeal also did not include this report.

3.

failure to make good decisions, and inappropriate interactions with caregivers. The court ordered appellant removed as the conservator.

## DISCUSSION

Appellant argues that she should remain as conservator because the conservatee was not given an opportunity to advocate for himself and was not permitted to speak in court. She argues that the court should have taken into consideration the conservatee's desire for appellant to remain as conservator.

Probate Code section 2650, subdivision (i), grants the court authority to remove a conservator in any case "in which the court in its discretion determines that removal is in the best interests of the … conservatee." "Whether sufficient cause to remove a guardian exists is a question of fact to be determined in the broad discretion of the trial judge, whose determination will not be disturbed except upon a showing of manifest abuse of discretion." (*Guardianship of Davis* (1967) 253 Cal.App.2d 754, 761.) The court abuses its discretion if "'"under all the evidence, viewed most favorably in support of the trial court's action, no judge could reasonably have made the order that he did." [Citations.]'" (*In re Robert L.* (1993) 21 Cal.App.4th 1057, 1067, superseded on other grounds as stated in *Cesar V. v. Superior Court* (2001) 91 Cal.App.4th 1023, 1032.)

The record on appeal did not include all of the evidence considered by the trial court, specifically the court investigator's reports. Therefore, we are "compelled to assume that in the evidence adduced at the trial there was substantial evidence to support the findings." (*Crowell v. Braly* (1959) 169 Cal.App.2d 352, 354.)

The information from the record provided indicated that representatives from PDC expressed concern that appellant was disrupting the conservatee's program by making allegations of rape and causing a scene. The representatives also were concerned regarding the disruption of other patients' programs due to appellant's threats and accusations. These concerns were apparently memorialized in various investigative reports not included in the record. The court found that appellant's behavior was

4.

antithetical to the conservatee's best interest, and she was unable to exercise good judgment. Nothing in the record suggests the trial court abused its discretion in making these findings. (*Guardianship of Davis*, *supra*, 253 Cal.App.2d at p. 761.)

Appellant cites no authority to support her position, but merely states that conservatees have a legal right to advocate for their own interests and ask the court to keep a conservator. However, the conservatee was represented by counsel and, therefore, did have an opportunity to advocate for his own interests. The attorney for the conservatee argued that appellant should be removed and no evidence was presented indicating that the conservatee wished to have appellant remain as conservator.

## **DISPOSITION**

The order removing appellant as conservator is affirmed. Costs are awarded to the conservatee (respondent).